### OUTLAW ET AL. *vs*. YELL, GOVERNOR.

A demurrer which, by relation, reaches back to a previous pleading, is a general demurrer, and will cure a good title defectively stated—but will not a declaration, where no title is shown.

The bond of an administrator may be put in suit, by any person legally interested, for mismanagement, *waste*, or other breach of the condition; and it makes no difference whether the facts stated amount technically to a waste, or not.

The true question is, has there been a breach of the condition of the bond? Suit can be maintained for any breach, which injures any person entitled.

A. alleged that he had recovered a judgment in the circuit court, against B. and C., as adm'rs, which is still unsatisfied, and that execution had thereon issued, returned *nulla bona*, and that the adm'rs had and still have sufficient assets to pay that judgment, and all other debts owing by the estate.

This is not sufficient to make the administrators liable on their official bond.

There are three modes of legally exhibiting claims against an estate, one of which is by original action against the adm'r; which is a due presentment from the time of the service of the writ; when judgment, before a court of competent jurisdiction is obtained, its validity is established beyond controversy.

The judgment does not establish the existence of assets.

Neither an administrator nor his security can be made liable to any greater amount than the assets—the judgment is not an admission of assets.

The return of *nulla bona*, neither establishes assets, nor renders the adm'rs liable on their bond.

The sufficiency of assets, is to be established by the settlements of the adm'r in the probate court, which is the forum where the amount and order of appropiation is to be fixed and ascertained.

But whether under any circumstances, the circuit court in such case would be permitted to execute its own judgment—*Quere*.

The probate court is required to make settlement with the administrator; ascertain the amount of debts legally exhibited; the amount of assets, and order him to pay—and this it seems, is necessary in order to fix his liability.

The requisites of a declaration upon an administrator's bond, prescribed.

THIS was an action of debt, determined in the Jefferson Circuit Court, in April, 1843, before the Hon. ISAAC BAKER, one of the cir-

Outlaw et al. *vs.* Yell, Governor.

cuit judges. Suit was instituted, in the name of the governor, for the use of J. L. Conant & Co., on the official bond of Medicus R. T. Outlaw, G. T. Fanning, and Mary his wife, late Mary Fugate, as administrators, and others their securities, for the faithful administration of the estate of Joseph Fugate, deceased. The declaration alleged generally, that the administrators failed to make proper inventory of the estate, and failed to pay debts, and particularly a judgment recovered against them in the Jefferson circuit court. A further statement of the case is unnecessary, as the point upon which it turned is fully set forth in the opinion of the court. The defendants filed twelve pleas, to which the plaintiffs demurred. Demurrer sustained as to all but the 4th and 11th pleas. Final judgment for plaintiffs, and writ of error.

*Hempstead & Johnson*, for plaintiffs. Without going into the voluminous pleadings in this case, the court is referred particularly to the *ninth* plea, with the hope that the conflicting jurisdiction of the probate, and circuit courts, with regard to claims against deceased persons, may be respectively defined. It is insisted, over such a class of cases, the circuit court has no original, but only *appellate* jurisdiction, upon a fair construction of the constitution and law. *Const., art.* 6, *sec.* 11. *Rev. St., title Administration, p.* 68. If the power is appellate, then the judgment mentioned in the declaration *is void for want of jurisdiction,* and as such may be *disregarded,* although *unreversed,* by a direct proceeding, and especially by those who were not parties or privies to it. *Blin vs. Campbell,* 14 *J. R.* 433. *Coffin vs. Tracy,* 3 *Caines Rep.* 129. *Rose vs. Himley,* 4 *Cranch* 241. 1 *Yerg. R.* 125. 2 *Yerg. Rep.* 276. *Elliot vs. Piersol,* 1 *Pet. Rep.* 340. *Thompson vs. Tolmie,* 2 *Pet. Rep.* 163. *Slocum vs. Wheeler,* 1 *Day's Rep.* 429. *Kemper vs. Kennedy,* 5 *Cranch* 173.

Taking the declaration to be good, the proceeding of the circuit court cannot be sustained, because it is necessary after a judgment against an executor or administrator, as such, to establish a *devastavit* by means of a *second suit,* before an action can be maintained against the sureties on the administration bond. *Braxton vs. Winslow,* 1 *Wash. Rep.* 31. *Call vs. Ruffin,* 1 *Call Rep.* 333. *Gordon's adm'r*

*vs. The justices of Frederick,* 1 *Mon. Rep.* 99.   1 *J. J. Marshall* 183.
2 *J. J. Marsh.* 99.   *Moore vs. Waller's heirs,* 1 *Marsh.* 488.   *Stewart
vs. The Treasurer,* 4 *Ohio Rep.* 98.   2 *Saund. Rep.* 219, (*n.* 8).

An issue on a *devastavit* must not only be *found, for the plaintiff,*
but also the extent to which the administrator has wasted the *assets,*
because the sureties on the bond are liable for this amount only.   6
*Porter Rep.* 393.   *Braxton vs. Winslow,* 1 *Wash.* 31.   *Booth's ex'rs
vs. Armstrong,* 2 *Wash.* 301.   2 *Saund. Rep.* 219, (*n.* 8).   *Fairfax
vs. Fairfax,* 5 *Cranch,* 19.   1 *Leigh Rep.* 481.   *Barnett vs. Harwell,*
3 *Leigh Rep.* 89.   6 *Rand. Rep.* 160.   *Harrison vs. Bucles,* 3 *T. R.*
688.   *Sinclair vs. Haywood,* 8 *Wheat.* 475.   *Rev. Code, sec.* 172,
173, *p.* 95.

The issue of *nul tiel record* was improperly found for the plaintiffs.
By a judgment, is understood that which, in common as well as legal
language, is deemed the exemplification of it; that is to say, all the
pleadings and proceedings on which the judgment is founded, and to
which, as matter of record, it necessarily refers.   *Owings vs. Hull,*
9 *Peter's Rep.* 624.   The plaintiffs were at least bound to show them-
selves *to be creditors of the estate,* by a *suit instituted against the admin-
istrators* in their *representative capacity.*   The record declares the fact
that the original suit was brought against them individually, and which
must destroy the very foundation of the proceeding.   *Braxton vs.
Winslow,* 1 *Wash.* 31.   *Call vs. Ruffin.*   1 *Call* 333.   *Gordon's
adm'r vs. The justices of Frederick,* 1 *Mon.* 99.   2 *Saund. Rep.* 219,
(*note* 8).   *Watkins McDonald,* 3 *Ark. Rep.* 266.   *Brown vs. Hicks,*
1 *Ark. Rep.* 242.   1 *Chitty's Pl.* 58.   *Lyon vs. Evans,* 1 *Ark. Rep.* 365.

These are some of the most prominent points, but as the court is
compelled to look into the whole record, they will find many other
errors fatal to the validity of the proceedings; to which it is not deem-
ed necessary to particularly allude.

*Trapnall & Cocke,* contra.

*By the Court,* SEBASTIAN, J.   The proceedings below, are very
voluminous, and subsequent to the declaration, entitled to no consid-
eration, under the view we take of the question really presented by

the pleadings.   The demurrer by the plaintiffs to the twelve pleas of the defendants, was sustained as to all except two of them, and necessarily raises the question, as to whether the plaintiff's declaration is good in substance, and whether a valid judgment can be given upon the facts as therein pleaded.   It has been considered by this court, that a demurrer which, by relation, reaches back to previous pleadings, is to be regarded as a general demurrer; and a general demurrer will cure a good title defectively stated; but will not cure the declaration where no title is shown, to the thing sued for.   Has the plaintiff shown such facts as, if true, constitute a cause of action upon the bond?   By the 171st section of Rev. Stat., chap. 4, the bond of any administrator may be put in suit by any person legally interested in it, for any mismanagement, *waste*, or other breach of the condition of the bond.   It makes no difference whether the facts relied on by the plaintiff and stated in his declaration, amount technically to a *waste* or not.   The true inquiry is, whether the facts set forth constitute a breach of any condition of the bond, for suit can be maintained, upon any condition which is broken, and which results to the injury of any person entitled.   Among other conditions, in the bond, the administrator is required to pay the debts of the deceased, as far as his assets extend, and the law directs," and further, "to make due and proper settlement from time to time of his administration, according to law, or the order, sentence, or decree, of any court having competent jurisdiction."   The first of these duties is supposed to be violated, and is the only one of which a breach is attempted to be specially set out, and particularly relied on.   The plaintiffs allege, in the declaration, that they obtained a judgment against the administrators, on the 14th of Oct., 1839, in the Jefferson circuit court, for $565 34, and that execution issued thereon, upon which the sheriff returned *nulla bona*.   It then alleges that neither Outlaw, as administrator, and Mary Fugate, as administratrix, nor Grant T. Fanning, since his intermarriage with Mary Fugate, had paid the judgment, but that it still remained unsatisfied, and that the administrators had, and still have, assets more than sufficient to pay the said judgment, and all other debts, due and owing, or allowed against the estate.   These facts, it is alleged, constitute a breach of

the condition of the bond, which question we will proceed to examine. By *sections* 81, 82, and 83, *page* 81, *Rev. St.*, the manner of exhibiting claims against the estates of deceased persons, is prescribed. They fix three modes by which such claims shall be considered as legally exhibited; one of which is by original action instituted against the administrator of the estate, which is declared to be a due presentment of the claim, for all the purposes of the act, from the time of service of the original writ, and is required to be classed accordingly. When judgment, therefore, was obtained against the administrators, its effect was that of a due presentment of the claim, and adjudication of it by a court of competent jurisdiction; and its justice and validity was beyond controversy, and entitled to be classed in the probate court, by the administrator upon whom the duty is imposed by law, as well as upon the claimant. The judgment did not establish the fact of there being assets; for, by our law, no administrator or his security, shall be liable to any greater extent than he hath assets, and then the judgment is no longer as it was at common law, an admission of assets. As the judgment was no evidence of there being assets, the return of *nulla bona* could not establish a *waste*, or render the administrator personally liable. In England a judgment taken generally, and a return of *nulla bona*, were evidence of a *devastavit*. These facts do not here establish the same thing. They only prove the validity of the claim, and the sufficiency of the assets, as with us the liability of the administrator to pay the debts, must be established otherwise. How then is that fact to be established? We answer, by the settlements of the administrator, of record, in the probate court. This is manifestly, by the constitution, the forum, where the amount of assets in his hands, and the order in which they are appropriated, by law, for disbursement, is to be fixed and ascertained. The judgment in the circuit court ascertained, and established, the claim, and the probate court ascertains the amount of the fund, and fixes the order of its appropriation, in satisfaction of such claim. We are not here required to decide whether, under any circumstances, the circuit court would be permitted to execute its own judgments in such cases, as this question is not raised by the record. We only intend to say, that no action can be maintained upon the

bond for the non-payment of the judgment of the circuit court, with-out the judicial ascertainment in the probate court, of the sufficiency of assets, and their liability, in satisfaction of the debt. But it may be said the declaration so alleges the fact to be. It certainly does charge that at the time the administrators had assets more than suffi-cient to pay all the debts of the estate. This may be true, and yet these assets may have been unavailable, or in point of *fact*, not ap-propriated by order of the court, for the payment of the debts. By sections, from 121 to 125 inclusive, page 87, *Rev. St.*, the probate court is authorized and required to make settlement with the admin-istrator, ascertaining the amount of debts legally exhibited against the estate, and the amount of assets in his hands for their satisfaction; to make an appropriation of them to the debts, and order the admin-istrator to pay them in ten days. This seems to be necessary to fix his liability to pay the debts. The *order* of the court for that pur-pose, makes it a duty of the administrator, for a breach of which an action may be maintained on his bond, under section 171. The first act which seems to fix his liability, is the refusal to pay, in *obedience* to the *order* of the court. As these are facts necessary to make the administrator *personally* liable, they must be alleged and established before the securities can be reached. This seems to us a clear de-duction from the statutes upon that subject. It may be said that these facts are only matters to be established in evidence, under the gene-ral allegation that the administrator had sufficient assets. We hold that these facts are not merely evidence of waste, or mismanagement, but that they are substantive facts, constituting a part of plaintiff's *cause of action*, as much so, as the judgment recorded in the circuit court. They are the proceedings of a competent court, *creating a duty* upon the administrator, of record. The disobedience of this order is the very *gist* of the action upon the bond, and constitutes a *breach* of its conditions. According to these principles it was unneces-sary to aver the issuing of the execution from the circuit court, and the return of *nulla bona* upon it. But the plaintiffs should allege the settlement, and that thereby it was ascertained that there were suffi-cient assets to pay the debts exhibited, &c., and the order to pay them, as well as the refusal of the administrator to do so. The **judg-**

ment of the circuit court must, therefore, be reversed, the cause remanded for further proceedings, with instructions to the circuit court to permit the plaintiffs, if they ask leave so to do, to amend their declaration, and the cause to proceed according to law, and not inconsistent with this opinion.