Johnson, C. J. The circuit court decided correetly in sustaining the demurrer to the declaration of the plaintiff. All the breaches assigned were evidently intended to rest upon sec. 171 of chap. 4 of the Revised Statutes, and yet they seek to subject the administrator to the payment of the individual demand of Wallace alone, and clearly look to his claim against the estate as the measure of damages. The creditor of an estate, where his demand has been allowed, classed, and ordered to be paid, is not of necessity forced to his action upon the bond, as he is entitled, upon such a showing as is required by the 124th section of the act already referred to, to his execution for the amount which has been ordered to be paid to him, yet if he should elect to waive his summary remedy and resort to an ordinary action upon the bond, he will be held to strict allegation and proof of all the requisitions of the law in order to mature his claim in the probate court, and also that such claim has been demanded and not paid in obedience to the order of the court. The distinction between the cases where a creditor, or other person interested in an estate, is suing for his own individual demand, and where he puts the law in motion merely as the agent and general representative of all the beneficiaries of the estate, is broadly laid down and enforced in the case of Outlaw et al. vs. Yell, Governor, 5 Ark. 468, and in the case of Porter vs. The State, use of Brown, decided at the present term of this court. It is obvious that neither count in the declaration contains a good cause of action, when tested by the rule of those cases, if it is conceded that the object of the suit was to recover the specific sums which the plaintiff alleges had been allowed and classed by the probate court, as there is an utter failure to show that those claims had been ordered to be paid, or that the administrator had failed to pay them after demand made for that purpose. The counts are all equally bad, if the suit is regarded as having been brought by Wallace not exclusively for his own individual benefit, but as the agent or representative of all persons interested in the estate. The 171st section of the 4th chapter of the Revised Code provides that “ the bond of any executor or administrator may be sued on at the instance of any legatee, distributee, creditor, or other person interested, in the name of the State, to the use of such legatee, distributee, creditor, or other person interested, for any mismanagement, waste, or other breach of the condition of such bond; and the party to whose use suit is brought, shall have judgment against the executor, or administrator, and his securities, for the whole value of the estate mismanaged or wasted, with costs of suit; and the amount so recovered shall be distributed by the court of probate in the same manner as if the same had been accounted for by the executor or administrator.” This section, without a rigid scrutiny, is well calculated to mislead as to its real object. The first clause of the section speaks of the suit being brought in the name of the State for the use of such legatee, &c., and, if considered alone and unconnected with the latter clause, would convey the idea that the judgment, when recovered, would inure solely to the use and benefit of the party at whose instance the suit is instituted. This, most clearly, was not the design of the Legislature: but, on the contrary, the only object that they had in view by this proceeding was to enable any person interested in the estate to compel the administrator to proceed and to settle the estate, according to the requirements of the law and the express stipulations of his bond. It matters not what amount he might recover in this action, and although it is brought at his instance, and nominally to his use, it would not necessarily follow that he would actually realize one solitary cent of the amount so recovered. The judgment when rendered is turned over to the probate court, and there to be distributed in the same manner as if the same had been accounted for by the executor or administrator. It is necessary that the party at whose instance the State institutes her suit should disclose the precise nature of his interest (that is, whether he is legatee, creditor, &c.) in the commencement of the declaration, as it is only a person interested in the estate that is armed with the power to coerce the administrator. This is a matter material to be stated, and the defendant, if he chooses, may traverse it, and call for the proof. It is not essential to a recovery, upon the 171st section, that the party suing should set forth specifically the precise amount of his claim against the estate, or what steps he may have taken to bring it forward; but it is all-sufficient for him, after setting out the bond and its condition, to charge a breach in the language of that instrument, and then, after inserting the usual breach of his promise to pay, (the penalty of the bond,) conclude to his damage with a sufficient sum to cover the damages actually sustained. If the sum, to which the party suing is entitled, were the measure of damages, there would then be good reason for specifying the amount to which the party himself were entitled; but when it is considered that such is not the case, but, on the contrary, that the amount, whatever it may be, which is found in the hands of the administrator, and unaccounted for, is the extent to which the jury are allowed to go, then it is clear that no such showing is necessary, We are, therefore, clearly of opinion that there is no error in the judgment of the circuit court in sustaining the demurrer to the plaintiff’s declaration. The judgment is, therefore, in all things affirmed.