Mr. Justice Scott delivered the opinion of the Court. The plaintiff in error insists that the judgment against him upon his demurrer, and also the final judgment against him were erroneous, because, as he contends, the declaration was fatally defective. And there can be no serious question but that this position is well taken: for, in no possible form of stating the facts disclosed in the declaration, can any right of action be shown in the plaintiff below: and therefore, although these imperfections were not specially expressed in the demurrer, they are without the circle of the influence of our statute regulating demurrers, as that has been uniformly expounded by this court. See the cases of Davis vs. Gibson, 2 Ark. R. 175. Cravens & Wilson vs. Mileham, 1 Eng. 215, and the other cases cited by the counsel. The plaintiff below sought to recover upon the bond for his individual use and benefit, and to authorize him to do so, as has been well settled, (Outlaw et al. vs. Yell, Gov., &c., 5 Ark. 468. Porter vs. State, use Brown, 4 Eng. 226. State, use vs. Ritter ad., ib. 244,) it was indispensable to aver not only, as he did, that his claims against the estate had been allowed and classed; but also that the probate court had ordered them to be paid, and that afterwards he had demanded payment of the administrator, and it had been refused. But even if the declaration had been good, and, upon the overruling of the demurrer, the defendant below had refused to plead over, and elected to stand on his demurrer, as he did, a final judgment against him would have been erroneous, unless the other parties had first been taken off the record by nol pros. after they had, in a separate plea, set up matter going to their personal discharge, as infancy or bankruptcy, and not to the action of the writ, of which the others could take no advantage. Andrews vs. Waring, 20 John. Rep. 160. Robertson vs. Smith, 18 John. Rep. 481. Hall vs. Rochester, 3 Cow. 374. At common law, a confession of the action, by one of several joint defendants, was only a warrant to the court to enter a judgment, unless it afterwards appeared upon the record that the party was entitled to be discharged: therefore, a confession of judgment under such circumstances is but interlocutory, until the final decision of the case as to the rest; and then the confessing defendant must receive the same judgment as his co-defendants. Taylor vs. Beck, 3 Rand. Va. R. 310, 338. There was manifest error, therefore, not only in overruling the demurrer to the declaration, but also in rendering a separate judgment against the plaintiff in error. There is no other question presented by this record, as the other judgment is not prejudicial to the plaintiff in error, and is not questioned by him; nor are the other two defendants below parties to this proceeding in error. Let the judgment against the plaintiff in error be reversed, and the cause remanded. Mr. Justice Walker, not sitting.