STATHAM *v*. BROOKE.

Opinion delivered October 13, 1919.

1. ADMINISTRATION—ORDER OF DISTRIBUTION—ORDER TO PAY OVER— FAILURE TO COMPLY—LIABILITY OF BONDSMEN.—Failure to comply

with an order of distribution or an order to pay over, by an executor or administrator, constitutes a breach of the executor's or administrator's bond, and fixes liability on the bondsmen.

2.  SAME—SAME—SAME.—An administrator in succession must proceed in the probate court against the former executor or administrator for a settlement or accounting and an order to pay over the sum found due to him, before he can sue the bondsmen of the former executor or administrator.

Appeal from Sebastian Chancery Court, Greenwood District; *W. A. Falconer,* Chancellor; reversed.

*J. F. Wills,* for appellant.

1.  The demurrer should have been sustained because (1) the court had no jurisdiction and (2) the complaint failed to state a cause of action against appellants. The administration was still pending in the probate court. Art. 7, sec. 34, Const.; 18 Cyc. 1289; 96 Ark. 222-229; 33 *Id.* 727; 48 *Id.* 544; 51 *Id.* 75, 79, 80; 90 Ark. 444-451; 96 *Id.* 251-264; 98 *Id.* 63.

2.  The complaint did not state a cause of action, as it fails to allege that there had been an order of distribution or order to pay, by the probate court, and a disobedience of the order. 5 Ark. 468-473; 9 *Id.* 226; 11 *Id.* 12-14; 35 *Id.* 46; 40 *Id.* 433-442; 47 *Id.* 222; 85 *Id.* 246, 249-51; 96 *Id.* 222.

3.  By the agreement between J. R. Gwyn, the executor, and the other heirs, the bondsmen were released from liability and the suit was premature. 18 Cyc. 1261.

4.  The court should have found for appellants on the facts.

*George W. Dodd,* for appellee.

1.  The court had jurisdiction, and there was no motion to transfer to the law court. 79 Ark. 502; 74 *Id.* 122. The appellants asked affirmative relief in their answer. 105 Ark. 558.

2.  The probate court had adjusted the accounts of the defaulting executor, found the amount due and an or-

der to pay. See also Kirby's Digest, § § 47, 48; 63 Ark. 145. There was a breach of the bond when the former executor failed to pay over the $1,000 found due by the probate court. There was no fraud, and appellants are bound by the order.

3. The bondsmen were not relieved by the agreement as to the amount of J. R. Gwyn's indebtedness. There is no showing that the agreement altered or increased the liability of the sureties. There is no proof of fraud, and the judgment of the probate court can not be impeached collaterally, for no fraud is proved. The judgment should be affirmed.

HUMPHREYS, J. This suit was instituted by appellee against appellants in the Sebastian Chancery Court, Greenwood District, to recover $1,000 and interest on a bond given by appellants as surety for J. R. Gwyn, executor of the last will of W. P. Gwyn, deceased. It was alleged in substance that the will was probated and J. R. Gwyn qualified as trustee thereunder; that in the course of administration he wasted the assets; that exceptions were filed to his settlement in the probate court by the heirs and other legatees of the testator; that, upon trial of that issue, J. R. Gwyn was found to be indebted to the estate in the sum of $1,126.40, $126.40 of which was paid with the fund on hand, and a judgment rendered against him for the balance; that he was insolvent and failed to pay the judgment; that J. R. Gwyn executed a mortgage on 120 acres of land and a deed to his undivided interest as a legatee in the estate of W. P. Gwyn to appellants to indemnify them against loss on said bond; that Mattie C. Gwyn, widow of W. P. Gwyn, deceased, renounced the will and elected to take a dower interest in said estate, under the statutes; that dower was assigned to her; that the lands were not susceptible of division in kind; that J. R. Gwyn was discharged as executor, and appellee was appointed as administrator in succession with the will annexed, and qualified as such and was ordered by the court to wind up the estate; that

he demanded the amount of the judgment from appellant bondsmen each and all of whom refused to pay same. The prayer of the petition was for judgment on the bond, subrogation to the rights of appellants on their indemnities, decree of foreclosure of the mortgage, and partition and order of sale of the lands belonging to the estate.

A demurrer was filed to the petition on the ground, among others, that the petition did not state facts sufficient to constitute a cause of action.  The demurrer being overruled and exceptions saved, the appellants reserved all their rights under the demurrer and filed an answer, denying every material allegation in the petition, and prayed for a dismissal of the bill for want of equity. Other allegations were made in the answer, upon which relief was asked if the court assumed jurisdiction, but it is unnecessary to set them out under our view of the law applicable to the case.

The cause was heard upon the pleadings, the will of W. P. Gwyn, deceased, the mortgage and deed executed by J. R. Gwyn to appellants to indemnify them against loss, all the proceedings had and done in the course of the administration of said estate, and the depositions of witnesses, from which the court found and adjudged in accordance with the prayer of the petition, from which decree an appeal has been duly prosecuted to this court.

(1)  It is insisted by appellants that the petition failed to state a cause of action, either in law or in equity, and, on that account, the court erred in not sustaining the demurrer and dismissing the bill.  The alleged defect in the petition is that no allegation was made therein to the effect that an order was made by the probate court on J. R. Gwyn, executor, to pay the amount ascertained to be due, and for which judgment was rendered, to any one, and a failure on his part to comply with the order. The rule is well established in this State that an order of distribution or an order to pay over, and a failure to comply with the order by an executor or administrator, is what constitutes a breach of the administrator's or executor's bond and fixes liability on the bondsmen. *Outlaw*

v. *Yell, Governor,* 5 Ark. 468; *Porter* v. *State, use of Brown,* 9 Ark. 226; *Gordon* v. *State, use Wallace,* 11 Ark. 12; *Norton* v. *State,* 25 Ark. 46; *Hall* v. *Brewer,* 40 Ark. 433; *George* v. *Elms,* 46 Ark. 260; *State, use McCreary,* v. *Roth,* 47 Ark. 222; *Euper* v. *State,* 85 Ark. 223; *Ferguson* v. *Carr,* 85 Ark. 246; *Planters' Mutual Insurance Assn.* v. *Harris,* 96 Ark. 296.

It is strenously contended by learned counsel for appellee that the rule announced in the foregoing cases is not applicable to the case at bar, for the reason that this is a suit by an administrator in succession who is entitled to the entire assets of the estate, and that the cases cited relate to suits by distributees, legatees or creditors who could only recover such amounts as had been ascertained and ordered paid to them and that, therefore, an order by the probate court to pay them a specific sum necessarily constituted the only basis for their action. No exception in favor of administrators in succession was made in announcing the rule. The rule was laid down and has been adhered to as a general rule without exception. It is grounded on the theory that the breach of the bond consists in the disobedience of the order of the probate court to pay over by an executor or administrator.

We think the case of *Wilson* v. *Hinton,* 63 Ark. 145, cited by appellee, fails to sustain the distinction contended for. That was a suit by an administrator in succession against the administrator and personal representative of a deceased administrator for an accounting and an order in the probate court to pay over under sections 47 and 48 of Kirby's Digest, to serve as a basis for a suit against the estate of the deceased administrator and his bondsmen. Upon appeal to the circuit court in a trial *de novo,* the amount due from the deceased administrator was ascertained and his personal representative ordered to pay same. That order was confirmed by this court, indicating an approval of the rule as applied to administrators in succession.

(2)    Our conclusion is that under the statutes of this State an administrator in succession must proceed in the probate court against the former executor or administrator for a settlement or accounting and an order to pay over the sum found due to him before he can sue the bondsmen of the former executor or administrator.

No breach of the bond having been sufficiently alleged or proved, it follows that no cause of action, either at law or in equity, was alleged or established; so the decree is reversed and the bill dismissed.