## UNITED STATES v. GIGER et al.
### No. 2101.

District Court, W. D. Arkansas,
Fort Smith Division.
Feb. 21, 1939.

John E. Harris, of Fort Smith, Ark., for the United States.

Pryor & Pryor, of Fort Smith, Ark., for defendants.

RAGON, District Judge.

On February 16, 1931, S. A. Smith procured a Federal loan from The Secretary of Agriculture and executed therefor his promissory note secured by a Federal Crop Mortgage in favor of The Secretary of Agriculture on all crops growing upon his farm in Benton County. The note originally was for $225; and on June 22, 1932, the mortgage was renewed on the balance of $160 for a period covering up to November 30, 1932. S. A. Smith died in 1934 and Roy Giger was appointed administrator of his estate and qualified as such, executing a bond as such administrator in the sum of $4000. A. M. Smith and Jessie Giger were sureties on the administrator's bond. Roy Giger resigned as administrator on January 2, 1937, and Jessie Giger was appointed administrator in succession by the Probate Court on the same date. The indebtedness to the Government has never been paid and the plaintiff seeks to hold Roy Giger and Jessie Giger liable as administrators of S. A. Smith's estate personally, and to hold A. M. Smith and Jessie Giger personally liable as sureties on the bond of Roy Giger as administrator of S. A. Smith's estate.

Jessie Giger and A. M. Smith in due time filed a motion to dismiss the complaint of the plaintiff on the ground that it did not state a claim for which relief could be granted as against them, and for the further reason that the complaint on its face shows that the note which forms

the basis of the suit was not properly filed as a claim against the estate of S. A. Smith.

■ Since the complaint asks that the defendants be personally charged with liability, the Court deems that their claim for recovery is based upon Sec. 192, U. S.C.A., Title 31. The Government has filed no brief and the defendants' brief relies upon the action being founded upon this section. I find no other applicable sections in the statute. Section 192 of Title 31 must be read in connection with Sec. 191 of the same title. They were incorporated in the same act, which is very old. They cover the same matter and must be construed with reference to each other. Bramwell v. U. S. Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368; United States v. Butterworth-Judson Corp., 269 U.S. 504, 46 S.Ct. 179, 70 L.Ed. 380.

■ Section 191 deals entirely with living insolvent persons and deceased debtors whose estates are insufficient to pay the debts due from the deceased. This is a construction which has been placed upon this statute by a long line of authorities. If the allegations of the complaint can be said to state anything with reference to the solvency of S. A. Smith, it must be construed to state that his estate was solvent. Nothing is said in the complaint with reference to the insufficiency of the estate to pay the debts of S. A. Smith, except that there were sufficient funds with which to pay them. This statute does not create liens, but merely gives a priority to the claims of the Government after the legal title has passed from the debtor. Therefore, under the allegations of this complaint it is not applicable to the facts in the absence of an allegation of an insufficiency of assets to pay the debts of the deceased.

■■ The complaint seeks to charge Roy Giger, as administrator, with personal liability, and Jessie Giger, as administrator in succession with personal liability. It then seeks to fix a personal liability upon Jessie Giger and A. M. Smith as sureties on a bond of Roy Giger as administrator of S. A. Smith's estate. I do not think the statute has anything to do with personal liability of sureties on bonds. If the sureties on the bond are liable to the Government, it seems to me this action is premature. While it has been held that local laws cannot interfere with the priority given in this statute, yet the decisions of our courts are uniform in holding that "an action in such court of law on the (administrator's) bond is not sustainable until the probate court has adjusted the accounts of the administrator and has ordered him to pay over amounts found to be in his hands." Planters' Mutual Life Ins. Ass'n v. Harris, 96 Ark. 222, 131 S.W. 949, 950; Statham v. Brooke, 140 Ark. 187, 215 S.W. 581; Hall v. Brewer, 40 Ark. 433.

There has never been any service upon Roy Giger and the Court is interested only in the motions of Jessie Giger and A. M. Smith. Under the allegations of the complaint, the Court is of the opinion that Jessie Giger cannot be held to a personal liability under Section 192, as administrator of S. A. Smith's estate. The Court is further of the opinion that the complaint fails to state a cause of relief against Jessie Giger and A. M. Smith as sureties on the bond of Roy Giger as administrator of S. A. Smith's estate for the reasons above assigned.

It is, therefore, ordered that the complaint against Jessie Giger and A. M. Smith be dismissed.