## CONTINENTAL INSURANCE COMPANIES *v.* ESTATE OF ANDREW DAVID ROWAN, JR., A MINOR

5-5571                                    466 S. W. 2d 942

Opinion delivered May 17, 1971

*Dickey, Dickey & Drake,* for appellant.

*George Howard, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. On June 6, 1968, Florida Rowan was appointed guardian of the estate of her minor son, Andrew David Rowan, Jr. Mrs. Rowan's $9,000 guardian's bond was signed by the appellant, Continental Insurance Companies, as surety. Thereafter the probate court, on its motion, removed Mrs. Rowan as guardian, because of her failure to file an inventory of the assets of the estate. The court appointed L. E. Henson as guardian in succession.

In April, 1970, the guardian in succession filed a motion for judgment against Continental in the amount of whatever funds Mrs. Rowan had received as guardian and had failed to report or account for. Continental resisted that motion on the ground that the principal's

liability should first be determined before the entry of any judgment against the surety. Thereafter, at a hearing at which Mrs. Rowan appeared merely as a witness and not as a party, the court found that Mrs. Rowan had collected $2,731.40 as the proceeds of a life insurance policy upon the life of the ward's father, of which the ward was the beneficiary. The court further found that Mrs. Rowan should have deposited the money in a guardianship account and should not have expended it without a court order. Upon those findings the court entered judgment against the surety for $2,731.40. In appealing from that order Continental renews its contention that the guardian's primary liability should have been determined before the entry of any judgment against the surety.

We are of the opinion that Continental's position is well taken. Apparently Mrs. Rowan had collected and expended the life insurance proceeds before she was removed by the court upon its own motion. For some time the court was unable to find out just what assets the guardian had received or what disposition she had made of them. Finally the court, on June 12, 1970, entered an order directing Mrs. Rowan "to appear as a witness" at a hearing set for June 17.

At that hearing the guardian in succession and the surety appeared through their attorneys. Mrs. Rowan, without counsel, appeared as a witness and explained that she had collected the insurance money and has used it to discharge liens against the house in which she and her ward were living and against certain other real property in which Mrs. Rowan claimed some interest. Whether any or all of the expenditures benefited the ward is a point about which the testimony is not conclusive and upon which the probate judge made no finding. The court merely found that the money had not been deposited in a guardianship account and had been spent without a court order. Upon that finding the court entered judgment for $2,731.40 against the surety only.

Before the adoption of the Probate Code it was our rule that "an administrator in succession must proceed

in the probate court against the former executor or administrator for a settlement or accounting and an order to pay over the sum found due to him before he can sue the bondsmen of the former executor or administrator." *Statham* v. *Brooke,* 140 Ark. 187, 215 S. W. 581 (1919). That rule is sound, for the surety's liability is derivative and ordinarily does not exceed that of the principal. *Fausett Builders* v. *Globe Indemnity Co.,* 220 Ark. 301, 247 S. W. 2d 469 (1952). The Probate Code recognizes the court's authority to proceed against the "obligors" in the bond, Ark. Stat. Ann. § 62-2221 (Supp. 1969), but we find nothing in the Code that changes the orderly and logical procedure by which the guardian's primary liability is to be ascertained before the entry of judgment against the surety. Consequently we adhere to our former cases upon the point.

Reversed and remanded for further proceedings.