Mr. James A. Badami, Executive Director Judicial Discipline and Disability Commission Tower Building, Suite 1060 323 Center Street Little Rock, AR 72201
Dear Mr. Badami:
This is in response to your request for an opinion regarding termination pay for staff members of the Judicial Discipline and Disability Commission ("Commission"). You have asked, specifically, whether staff members of the Commission are exempt from the 30 day limitation on termination pay and may be compensated, instead, up to 45 days unused annual leave.
You note that the following language appears in a state audit of the Commission for the period ending June 30, 1992: "Annual leave is earned by all full-time employees. Upon termination, employees are entitled to receive up to thirty (30) days compensation for their unused accrued annual leave. . . ." You state that under the Commission's internal personnel policies, staff members are to be paid, upon termination, for all unused annual leave up to a maximum of 45 days. You note that the Commission's personnel policies were based upon the personnel policies of the Administrative Office of the Courts.
It is my opinion that the 30-day limitation on termination pay applies to the Commission's staff. This limitation appears in the Uniform Attendance and Leave Policy Act. A.C.A. 21-4-201
et seq. (1987 and Cum. Supp. 1993). Section 21-4-205(a) (1987) states:
 Whenever an employee is separated from the agency by reason of resignation, layoff, termination of appointment, or dismissal, the unused annual leave to his credit as of his last duty date shall be liquidated by a lump sum payment, not to exceed thirty (30) working days, inclusive of holidays.
The term "employee" is defined as:
 [A] person regularly appointed or employed in a position of state service by a state agency, as defined in subdivision (1) of this section, for which he is compensated on a full-time basis.
A.C.A. 21-4-203(9) (Cum. Supp. 1993).
"State agencies" means:
 [A]ll agencies, departments, boards, commissions, bureaus, councils, state-supported institutions of higher learning, or other agencies except the following excluded agencies or positions within agencies:
 (A) The elected constitutional officers of this state and their employees;
 (B) The General Assembly and its employees, including employees of the Bureau of Legislative Research of the Arkansas Legislative Council and the Division of Legislative Audit;
 (C) Members of the Arkansas Supreme Court, circuit and chancery courts and prosecuting attorneys, and the Administrative Office of the Courts;
 (D) The Arkansas State Highway and Transportation Department; and
 (E) All administrative, academic, or other nonclassified employees of the state-supported institutions of higher learning;
A.C.A. 21-4-203(1) (Cum. Supp. 1993).
It seems clear that the unused annual leave provision under21-4-205 applies to staff members of the Commission. The definition of "state agencies" is broad enough to encompass the Commission and the Commission is not included within the list of "excluded agencies." The exemption for the Arkansas Supreme Court and the Administrative Office of the Courts cannot, in my opinion, reasonably be construed to include the Commission. The Commission is an independent constitutional agency, separate from the Arkansas Supreme Court. Commission on Judicial Discipline Disability v. Digby, 303 Ark. 24,792 S.W.2d 594 (1990). Although the Commission's procedural rules are prescribed by the Arkansas Supreme Court (see Ark. Const. Amend. 66), the court exercises no general supervisory power over the Commission. Id.
As you note in your correspondence, the Commission was created under the judicial power of the state. See Ark. Const. Amend.66(a). It has been recognized by the Arkansas Supreme Court as a separate, independent constitutional agency. Digby, supra. A question may therefore arise concerning the constitutionality of applying the 30-day terminal pay limitation to staff members of the Commission. An argument opposing such application would in all likelihood be premised upon the constitutional doctrine of separation of powers. Ark. Const. art. 4, 1 and 2. According to this doctrine, ". . . one department [of government] cannot interfere with, or encroach on, or exercise the powers of, either of the other departments. . . ." Ball v. Roberts,291 Ark. 84, 86, 722 S.W.2d 829 (1987), citing 16 C.J.S. Constitutional Law 111 (1984). Because the Commission is part of the judicial branch of government, it might be contended that the terminal pay limitation, as applied to the Commission, implicates the constitutionally mandated separation of powers.
While the Arkansas Supreme Court has apparently rejected the notion of a "blending" of powers in favor of a more strict separation (see Spradlin v. Arkansas Ethics Comm'n, 314 Ark. 108,858 S.W.2d 684 (1993)), it is my opinion that a separation of powers argument would nevertheless likely fail in this instance. In Spradlin, the court held unconstitutional that portion of the ethics act providing for the appointment of one of the commissioners by the Chief Justice of the Arkansas Supreme Court. 314 Ark. at 116. The court concluded that the Ethics Commission, as structured by the ethics act, ". . . is not related to the administration of justice and is not part of the judicial department of government." Id. The challenged appointive authority thus fell within the general prohibition against judicial appointment of officers who have nothing to do with the administration of justice. Id. at 113, citing Am.Jur.2d Constitutional Law 313 and 16 C.J.S. Constitutional Law 212. The court refused to tolerate a "blurring of lines" (314 Ark. at 113) between the departments of government, apparently because the facts in that case did not support the judiciary's exercise of an "essentially non-judicial" function (Oates v. Rogers, 201 Ark. 335, 345,114 S.W.2d 457 (1940), cited in Spradlin, 314 Ark. at 113), i.e., the act of appointment. The court thus declined to employ a so-called "usurpation of power" analysis, which would focus on the degree of control exercised by one branch over another. See Spradlin, 314 Ark. at 115; Op. Att'y Gen. 91-020.
The Spradlin case is, I believe, distinguishable from the situation at hand. Application of terminal leave legislation to the judicial branch is not, in my opinion, comparable to the judiciary's exercise of the power of appointment. As noted above, the court in Spradlin quoted language from Oates v. Rogers, supra, to the effect that "the nature of the act of appointment is essentially non-judicial. . . ." 314 Ark. at 113. By way of contrast, it cannot reasonably be contended that the administration of terminal pay for employees is essentially a non-legislative matter. On the contrary, it might be contended that this personnel matter actually falls within the legislative branch by virtue of the legislature's constitutional power and duty to fix the salaries of all state officers and employees. Ark. Const. art. 16, 4.[1] It is not inconceivable that payment for unused accumulated annual leave would be considered in the nature of salary. Indeed, the general legislation authorizing lump sum terminal pay for state agency employees states that this "additional compensation" is not to be considered "as exceeding the maximum for a position so authorized." A.C.A. 19-4-1613 (1987).
It is therefore my opinion that the court would be more likely in this instance to employ a "usurpation" analysis. The court would probably look to the degree of control or interference by the legislature, as well as the essential nature of the power being exercised and the objective sought to be attained. See Op. Att'y Gen. 91-020 at 7-8. At least one state Attorney General has concluded that the application of terminal leave legislation and administrative rules to judicial employees does not infringe upon the judiciary's power to administer personnel. Alaska Opinion of the Attorney General File No. 366-305-84 (1985). The Alaska Attorney General noted that he found no case in which a state's general leave policy as applied to employees of a coordinate branch of government has been challenged on the basis of separation of powers. Id. at 2. He concluded, after reviewing various judicial personnel regulations upheld in other jurisdictions, that the terminal leave law "does not infringe upon the power of the judicial . . . [branch] to supervise, hire, or discharge personnel, or the power to determine employee salaries." Id. at 3. The purpose of the statute, he found, was "to reduce costs to the state by eliminating the authorization of large blocks of annual or personnal [sic] leave immediately before separation from state government." Id.
It is my opinion that application of the 30-day limitation on termination pay to Commission staff members would, similarly, withstand constitutional scrutiny. The Uniform Attendance and Leave Policy Act, like other acts of the legislature, carries a strong presumption of constitutionality. See generally State v. Ruiz Van Denton, 269 Ark. 331, 602 S.W.2d 625 (1980). If it is possible to construe an act to be constitutional, the courts must do so. Id., citing Stone v. State, 254 Ark. 1011,498 S.W.2d 634 (1973). In this instance, the fact that the nature of the power being exercised (employee compensation) arguably falls within an area of authority specifically delegated to the legislature under our constitution (art. 16, 4), provides a compelling basis for upholding the legislation.[2]
It is difficult to conclude, as a general matter, that an unconstitutional usurpation exists in that instance. Nor, in my opinion, can it be successfully contended that a 30-day termination pay limitation significantly diminishes or interferes with the power or authority of the judicial branch, such that it constitutes a separation of powers violation.
In conclusion, the limitation on payment for unused accumulated annual leave appears to apply to staff members of the Commission. A.C.A. 21-4-205 (1987). I cannot, in the absence of a clear statutory exemption or case law authority, conclude that an exemption is constitutionally compelled. The staff members are not, in my opinion, currently exempt from the 30-day limitation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Article 16, 4 states: The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
[2] This factor appears to distinguish Arkansas from other jurisdictions in which the courts have been held to have inherent power to fix the salaries of their employees. See, e.g., Mann v. County of Maricopa, 104 Ariz. 561, 456 P.2d 931
(1969); Weinstein v. St. Louis County, 451 S.W.2d 99 (Mo. 1970).