TRAVELERS CASUALTY & SURETY COMPANY of America
*v.* ARKANSAS STATE HIGHWAY COMMISSION

02-1259                                                                 120 S.W.3d 50

Supreme Court of Arkansas
Opinion delivered June 19, 2003

*Dover Dixon Horne PLLC*, by: *Cyril Hollingsworth*, for appellant.

*Robert L. Wilson*, Chief Counsel, and *Bruce P. Hurlbut*, for appellees.

A NNABELLE CLINTON IMBER, Justice. This case involves an interpretation of sovereign immunity as guaranteed by Article 5, section 20, of the Arkansas Constitution. Appellant Travelers Casualty and Surety Company of America (Travelers) filed a declaratory judgment action against the Arkansas State Highway Commission and the Arkansas State Highway and Transportation Department (referred to hereinafter collectively as "the Highway Commission") in order to determine whether it was liable on a surety performance bond with the Highway Commission after the principal had allegedly defaulted on a construction contract. The circuit court ruled that the action was barred by the doctrine of sovereign immunity. We affirm.

In November of 1997, Fru-Con Construction Company (Fru-Con) entered into a highway construction contract with the Arkansas State Highway Commission. The contract, identified as the White River Bridge Replacement near De Valls Bluff, for US Highway 70, Job No. 060599, required Fru-Con to complete a bridge replacement on Highway 70. Travelers issued a statutory performance bond in the amount of $13,982,784.80 for the purpose of securing Fru-Con's performance under the White River Bridge Contract.

After four years, the Highway Commission claimed that Fru-Con had failed to perform its responsibilities in a timely manner under the contract with respect to the construction of a coffer dam for one of two bridge piers in the White River. The Highway Commission terminated the right of Fru-Con to proceed under the contract effective April 4, 2002. The Highway Commission then made demand upon Travelers, as surety on the bond, to assure the performance of completion of the contract. In response to its termination, Fru-Con filed a claim with the Arkansas Claims Commission for breach of contract seeking $9,000,000. The performance bond provided for a sixty-day suspension to allow Travelers to investigate the matter and engage a completion contractor. After the suspension, the bond also allowed Travelers another thirty days to actively engage in the resumption of the White River project. The initial suspension expired on June 3, 2002; however, by mutual agreement the suspension period was extended to June 13, 2002.

On June 13, 2002, Travelers notified the Highway Commission that it was not going to assume the performance of completion of the White River project. On the same day, Travelers filed suit in the Pulaski County Circuit Court seeking a declaratory judgment that it was not liable to the Commission on its statutory performance bond. On July 15, 2002, or two days after Travelers's time to engage a completion contractor had expired, the Highway Commission engaged Jensen Construction Company as the completion contractor for the White River project.

The Highway Commission filed a motion to dismiss on grounds that it enjoyed sovereign immunity from suit because it operated as a branch of the State. Travelers acknowledged that the Highway Commission was a state agency but contended that because the complaint prayed for declaratory relief, and not damages, sovereign immunity was not implicated. The circuit court conducted a hearing on the matter, and ruled that the Highway Commission enjoyed sovereign immunity from the action at bar. The circuit court dismissed the complaint pursuant to Ark. R. Civ. P. 12(b)(1), (2), (6), and (8). It is from the order dismissing its complaint that Travelers appeals.

■ Two points of error have been raised on appeal. First, Travelers argues, as it did below, that state sovereign immunity is not applicable because Travelers only seeks a declaration of its obligations to the State. For its second point, Travelers argued in its opening brief that a declaratory judgment action is the proper vehicle to settle the issue of liability on the performance bond. Both parties now concede that the circuit court did not rule on that issue; hence that issue is not properly before this court. As we have stated repeatedly, a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Bell v. Beshears*, 351 Ark. 260, 92 S.W.3d 32 (2002).

### Sovereign Immunity

Travelers acknowledges on appeal, as it did at the trial-court level, that the Highway Commission is a state agency, and that generally state agencies are immune from suit in the State's courts. Nonetheless, Travelers contends that sovereign immunity does not

strip the circuit court of jurisdiction to hear an action for declaratory judgment. In response, the Highway Commission disputes that contention, stating the complaint filed by Travelers sets forth a suit against the State of Arkansas such that the circuit court lacks jurisdiction.

██ In reviewing the circuit court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), this court treats the facts alleged in the complaint as true and views them in the light most favorable to the party who filed the complaint. *Arkansas Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* However, Arkansas law requires fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* Furthermore, sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Department of Human Servs. v. Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990).

██ ██ The Arkansas Constitution provides the State with sovereign immunity. Article 5, section 20, of the Arkansas Constitution provides that: "The state of Arkansas shall never be made a defendant in any of her courts." The law of sovereign immunity is well established in Arkansas. Often, an analysis of Arkansas's sovereign immunity starts with *Pitcock v. State*, 91 Ark. 527, 121 S.W. 742 (1909), where we explained that "a sovereign State cannot be sued except by its own consent; and such consent is expressly withheld by the Constitution of this State." 91 Ark. at 535, 121 S.W. at 745. Sovereign immunity is jurisdictional immunity from suit, and where the pleadings show the action is one against the State, the trial court does not acquire jurisdiction. *Brown v. Arkansas State HVACR Licensing Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999). However, sovereign immunity can be waived when the State is the moving party seeking affirmative relief. *Arkansas Dep't of Human Servs. v. State*, 312 Ark. 48, 850 S.W.2d 847 (1993). Additionally, there are exceptions to immunity where a state agency's action is illegal, or when a state agency officer refuses to do a purely ministerial act required by statute. *Commis-*

*sion on Judicial Discipline & Disability v. Digby*, 303 Ark. 24, 792 S.W.2d 594 (1990).

■ As a threshold question, we must determine whether this action for declaratory judgment is against the State. Neither party questions that generally a suit against the Highway Commission is a suit against the State. Indeed, this court has held that a suit against the director, commission board members, and chief engineer for the State Highway Department was a suit against the State. *See Solomon v. Valco*, 288 Ark. 106, 702 S.W.2d 6 (1986); *see also Commission on Judicial Discipline & Disability v. Digby*, 303 Ark. 24, 792 S.W.2d 594 (1990) (acknowledging that state agencies are generally immune from suit in state courts). In reaching that conclusion, we look beyond the named parties to see if the real claim is against the State. *Id.*

■ Similarly, the critical question here is whether Travelers is asserting a claim against the State. Travelers maintains that a suit is a claim against the State only if a plaintiff's victory would subject the State to liability. More specifically, Travelers asserts that it is an evaluation of whether the State's financial obligations would increase that is the decisive inquiry in evaluating sovereign immunity. This court has held in no uncertain terms that an action, which will "tap into the State's treasury" for payment of damages, will result in the case being barred by sovereign immunity. *See Arkansas Tech Univ. v. Link, supra; Arkansas Pub. Defender v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000); *State Office of Child Support Enforcement v. Mitchell*, 330 Ark. 338, 954 S.W.2d 907 (1997). However, we have also reiterated the rule as it has been more commonly stated: "[I]f a judgment for the plaintiff will operate to control the action of the State or subject it to liability, the suit is one against the State and is barred by the doctrine of sovereign immunity." *Arkansas Tech Univ. v. Link*, 343 Ark. at 502, 17 S.W.3d at 813.

Because its complaint only requests declaratory relief and does not seek any recovery from the State, Travelers contends that the State's sovereign immunity is not implicated. In advancing this argument, Travelers chiefly relies on this court's decision in *Commission on Judicial Discipline and Disability v. Digby, supra*. In

*Digby*, the Commission on Judicial Discipline and Disability sought a writ of prohibition to prevent the circuit court from entertaining a declaratory judgment action. 303 Ark. 24, 792 S.W.2d 594. The action below was for a declaratory judgment to the effect that the commission was required to release to the public information from its files pursuant to the commission's rules of procedure. *Id.* We held that to the extent the suit merely sought a declaration that the commission, acting through its director, had acted in violation of the commission's rules of procedure, it was not barred by the sovereign immunity provision of Ark. Const. art. 5, §20. *Id.* The *Digby* case is inapposite. This case does not involve allegations of illegal action by a state agency; instead, the claims here arise out of its surety performance contract between the State and Travelers.

A review of the complaint for declaratory relief reveals the breadth of the claims being made by Travelers. The complaint, in pertinent part, states:

> 13. As a result of the actions and demands of the Commission and the AHTD, disputes have arisen between Travelers on the one hand and the AHTD and the Commission on the other concerning Fru-Con's performance under the Contract. Those disputes include, among other things, a disagreement concerning Fru-Con's construction of a cofferdam at Piers 13 and 14 and whether any delays, additional costs, or failures to complete the Project were caused by differing site conditions and by the actions and omissions of the AHTD and the Commission. Until those disputes are resolved, Travelers is unable to determine whether its performance under the Bond is required.

> \* \* \* \*

> 15. . . . A declaratory judgment is necessary to determine the respective rights and obligations of Travelers and the Commission and the AHTD with respect to the bond.

Travelers seeks relief in the circuit court in connection with a contract into which it entered with the State. As a result of such a request for relief arising out of a contract with the State, the State would be compelled to file a compulsory counterclaim or risk losing its right to make a claim for breach of contract. *See* Ark. R. Civ. P. 13(a) (2003). Moreover, the filing of a counterclaim would result in

a waiver of sovereign immunity. *Arkansas Dep't of Human Servs. v. State*, 312 Ark. 48, 850 S.W.2d 847 (1993). In essence, this declaratory judgment action by Travelers would force the Highway Commission to waive its sovereign immunity and litigate the merits of a contract between the principal, Fru-Con, and the Highway Commission. To that extent, Travelers is seeking to control the action of the State, and the suit is barred by the doctrine of sovereign immunity. *See Arkansas Tech Univ. v. Link, supra.*

■ ■ Moreover, as the Highway Commission points out, a ruling on Travelers' liability on the performance bond effectually determines whether the State can seek damages based upon a breach of the performance bond. Travelers is a surety, and as a surety on the bond, its liability is derivative and ordinarily does not exceed that of the principal. *Continental Ins. Companies v. Rowan's Estate*, 250 Ark. 724, 466 S.W.2d 942 (1971). Thus, in order to determine whether Travelers is obligated under the performance bond, the circuit court would be required to determine Fru-Con's liability under the White River Bridge contract. It follows that if a court were to determine that Travelers is not liable on the performance bond in the amount of $13,982,784.80, or any portion thereof, the State's financial obligations would effectively increase. This court has held that a suit which directly or indirectly coerces the State to bear a financial obligation is subject to sovereign immunity. *Arkansas Dep't of Human Servs. v. State, supra.*

■ Early in the development of sovereign immunity, we stated that one contracting with the State "must do so with knowledge that they must rely solely upon the legislative branch for performance of the contract and for satisfaction of the State's just obligations." *Pitcock v. State*, 91 Ark. 527, 539, 121 S.W. 742, 747. By contracting as a surety with the State, Travelers relegated any relief based on breach into the hands of the legislative branch. Although Travelers does not seek any affirmative relief, it does seek to control the State's right to seek affirmative relief under the performance bond. As such, the suit for declaratory judgment is one against the State and is barred by sovereign immunity.

Affirmed.

CORBIN, J., not participating.