## DARRAGH POULTRY & LIVESTOCK EQUIPMENT CO. *v.* PINEY CREEK SALES, INC.

87-311                                                    743 S.W.2d 804

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*John C. Everett*, for appellant.

*Young & Finley*, by: *James K. Young*, for appellee.

ROBERT H. DUDLEY, Justice. The appellant and the appellee occupied adjacent spaces in a warehouse in Russellville. After a fire in the warehouse, the appellee sued the appellant and alleged that the fire was the result of the appellant negligently allowing an electric drill to run for an extended period of time. The appellee prayed for damages of $101,000.00. The appellant answered and later filed an offer of judgment in the amount of $9,292.18. *See* ARCP Rule 68. The appellee did not respond to the offer. The case was tried, and the jury returned a verdict for the appellant. The appellant then filed a motion asking for judgment for all costs incurred after the offer was made. *See* ARCP Rule 68. The trial court denied the motion, and the appellant contends that, as a matter of law, it is entitled to a judgment for all costs incurred after the offer. We affirm the trial court.

ARCP Rule 68 (emphasis added) provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.* The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of liability remains to be determined

by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

In a case very similar to the one at bar, the Supreme Court of the United States held that a victorious defendant is not entitled to recover costs incurred after the making of the offer under Fed. R. Civ. P. 68, which is almost identical to ARCP Rule 68. *Delta Air Lines, Inc.* v. *August*, 450 U.S. 346 (1981). We decline to follow the reasoning expressed in *Delta*.

The author of the Note, Delta Air Lines, Inc. v. August: *The Agony of Victory and the Thrill of Defeat*, 35 Ark. L. Rev. 604 (1982), points out some of the flaws in the *Delta Air Lines* reasoning. For example, the author contends that the

interpretation of rule 68 in *Delta* undermines the spirit of the rule. Rule 68 was adopted to provide a means by which a defendant could compel the plaintiff realistically to re-assess his claim, with a penalty of litigation costs on the defendant if the plaintiff recovered more than the offer. After *Delta*, the defendant must bear the costs not only for making an offer below the ultimate recovery by the plaintiff, but also for winning the lawsuit and being unable to persuade the trial judge to award costs to the winning defendant pursuant to rule 54(d). It has been said, with reference to the Federal Rules, that "construction . . . depends upon our basic attitude toward those Rules—whether we take their force to lie in their very words, treating them as talismanic formulas, or whether we believe they are to be applied as rational instruments for doing justice between man and man in cases coming before the federal courts." Narrowing the field of vision by focusing its semantic microscope on the words "judgment finally obtained by the offeree," the Court arrived at a result which ignored "the common sense maxim that the greater includes the lesser," and which weakened the spirit of even-handedness formerly present in rule 68, whereby costs were assessed on the basis of a comparison of the offer

with the result and not on the basis of whether the plaintiff won or lost the suit.

*Id.* at 625 (footnotes omitted). Additionally, the author points out that the *Delta* reasoning brings about absurd results:

> [E]ven a "literal interpretation" is not unfettered by standards of reasonableness. Literalism must give way to a construction which will avoid absurdity or unreasonableness. This means that, where two or more constructions are possible, and one construction is absurd or unreasonable, a more reasonable construction ordinarily will be adopted. *Delta* held that a defendant can recover litigation costs if the defendant lost the suit, but not if he won the suit, a result seemingly absurd on its face.

*Id.* (footnote omitted).

Alaska and Nevada have expressed views opposite to those of the United States Supreme Court. In *Wright* v. *Vickaryous*, 611 P.2d 20, 23 (Alaska 1980), a case decided prior to *Delta*, the Supreme Court of Alaska held:

> Wright contends that Civil Rule 68 does not apply since it operates only when the offeree obtains judgment in his favor. That interpretation would mean that when an offeree prevails, but his judgment does not exceed the offer, he will be penalized, but if he does not prevail at all no penalty will be imposed. We see nothing to recommend such a result, and thus reject the interpretation offered by Wright.

In *Beattie* v. *Thomas*, 99 Nev. 579, 588, 668 P.2d 268, 274 (1983) (footnote omitted), the Supreme Court of Nevada explicitly rejected *Delta*:

> Appellant argues secondly that NRCP 68 does not apply where the jury gave its verdict for the defendant. He relies on *Delta Air Lines, Inc.* v. *August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 286 (1981), in which the High Court, in 5-4 decision, held that the phrase "judgment finally obtained by the offense [sic]" as used in Federal Rule of Civil Procedure 68 does not encompass a judgment against the offeree as well as a judgment in favor of the

offeree. We decline to follow the *Delta Air Lines* reasoning, not only because of the differences between NRCP 68 and FRCP 68, but because such reasoning leads to an anomalous result. Under the rule proposed by appellant and followed by the majority in *Delta Air Lines*, an offeree would be penalized for recovering a judgment less favorable than the offer, but would suffer no penalty if he did not recover any judgment whatsoever. As the Alaska Supreme Court held in *Wright* v. *Vickaryous*, 611 P.2d 20, 23 (Alaska 1980), "[w]e see nothing to recommend such a result, and thus reject the interpretation offered by [appellant]."

■ Likewise, we hold that the trial court had the authority to award "the costs incurred after the making of the offer." However, the trial court in this case could award only such costs as are authorized by statute. In *Grayson* v. *Arrington*, 225 Ark. 922, 926, 286 S.W.2d 501, 503 (1956), we wrote:

> The rule of the law appears to be well settled that costs are a creature of the statute and can only be taxed by statutory authority: "We have often held that the allowance of costs is purely statutory, since at common law neither party was entitled to recover his costs." *Arkansas State Game & Fish Comm.* v. *Kizer*, 222 Ark. 673, 262 S.W.2d 265, 267, 39 A.L.R.2d 1372.

In this case the appellant seeks recovery for costs which are not authorized by statute, for example, costs of hotel rooms and meals, and, in doing so, argues that Rule 68 will have no real meaning unless we give the term "costs" a much broader meaning than we have in the past. We decline to overturn our holdings that in law cases courts can award only such costs as are authorized by statute.

■ We also feel that Rule 68 has real meaning. Under Rule 68 a trial judge has no discretion but must order the offeree to pay the authorized costs incurred after the making of a bona fide offer, if the judgment, exclusive of interest, is not more favorable than the offer. On the other hand, if no offer of judgment is made, or if one is made and the judgment exceeds the offer, the costs are paid under ARCP Rule 54(d), which gives the trial judge discretion in the awarding of authorized costs. That rule provides "cost shall

be allowed of course to the prevailing party unless the court otherwise directs."

Affirmed.

HAYS, J., would remand for determination of reasonable "expenses" incurred after offer.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. I concur in the holding in this case because the word "costs" has a fixed meaning in Arkansas practice. *Grayson* v. *Arrington*, 225 Ark. 922, 926, 286 S.W.2d 501, 503 (1956).

This raises some doubt whether, in adopting Ark. R. Civ. P. 68 based on the parallel federal rule, the purpose of which was to encourage the early settlement of cases, we considered the question whether "costs" has the same meaning in the federal practice as in Arkansas practice. We will encourage our Committee on Rules of Pleading, Practice, and Procedure (Civil) to consider and advise us whether a change to the rule, perhaps substituting the word "expenses" for the word "costs," may be advisable.