Billie WILSON v. Charlie DANIELS,
Commissioner of State Lands

CA 98-333                                    980 S.W.2d 274

Court of Appeals of Arkansas
Division IV
Opinion delivered December 9, 1998

*John L. Kearney*, for appellant.

*Noel F. Brant, P.A.*, for appellee Thomas Ruth.

*Carol Lincoln*, for appellee Charlie Daniels.

JUDITH ROGERS, Judge. This is an appeal from an order dismissing appellant's complaint to set aside the sale of her tax-delinquent land. On appeal, appellant argues that she did not receive proper notice of the sale. We disagree and affirm.

The record reveals that appellant has lived at 1980 Sweet Valley Road, El Dorado Hills, California, 95762, since 1980. She has owned the subject property in Pine Bluff, Arkansas, since 1988. Appellant testified that she has not paid taxes on the Pine Bluff property since 1993. It appears from the record, however, that taxes on the property had not been paid since 1990. The property was certified delinquent in July of 1994. On September 15, 1994, the Land Commissioner mailed a certified letter to appellant's last known address in the tax records notifying her that the taxes on the Pine Bluff property were delinquent, that she could redeem the property, and that the property would be offered for sale on September 17, 1996. The letter was addressed to appellant at 1980 Sweet Valley Road, Folsom, California, 95630. This letter was returned marked "attempted not known." Upon learning of appellant's correct address, a second certified letter was mailed to appellant on June 25, 1996, at 1980 Sweet Valley Road, Eldorado

Hills, California, 95762, notifying her that the property was delinquent, that she could redeem the property, and that a sale date was set for September 17, 1996. This letter was returned "unclaimed or refused."

Appellant denied receiving either of the letters mailed by the Commissioner. She testified that she called the county and state offices to inquire why she had not received her tax statements. She said that she gave the offices her correct address. Appellant did admit, however, that she had visited Arkansas in 1997 and a couple of years earlier, but she did not go to the Commissioner's office or county tax office to inquire why she was not receiving her tax statements.

The trial court found that there was a problem with the address and tax billings from the tax office; however, the court concluded that the first notice that was mailed to the wrong address was cured by the second letter mailed to the correct address. Also, the court noted that appellee took additional effort to provide notice by sending a certified letter to the occupant of the premises in Pine Bluff. The court ruled that the Commissioner fully complied with the applicable statutes.

This court reviews chancery cases *de novo*, reversing the chancellor only when the findings of fact are clearly erroneous or clearly against the preponderance of the evidence. *Sanders v. Ryles*, 318 Ark. 418, 885 S.W.2d 888 (1994); *Ward v. Davis*, 298 Ark. 48, 765 S.W.2d 5 (1989). In cases involving redemption of tax-delinquent lands, we have stated that strict compliance with the requirement of notice of the tax sales themselves is required before an owner can be deprived of his property. *Pyle v. Robertson*, 313 Ark. 692, 858 S.W.2d 662 (1993); *Trustees of First Baptist Church v. Ward*, 286 Ark. 238, 691 S.W.2d 151 (1985).

Arkansas Code Annotated section 26-37-301 (Repl. 1997) provides that:

> (a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties known to the Commissioner of State Lands shall receive notice of the sale from the Commissioner of State Lands in the same manner.

(b) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale. The notice shall also indicate the sale date, and that date shall be no earlier than two (2) years after the land is certified to the Commissioner of State Lands.

Appellant argues that she never received notice of her right to redeem or notice of the sale of her property. She contends that the first notice sent by the Commissioner was mailed to the wrong address.

■■ Arkansas Code Annotated section 26-37-301 provides that after receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner of his/her right to redeem, notify that the land will be sold, and notify the owner of the sale date. Under this section, the Commissioner is required to notify the owner, at the owner's last known address by certified mail. After reviewing the evidence, it is clear that the Commissioner, subsequent to receiving the tax-delinquent land, sent certified notice to appellant's last known address. Even though the first notice mailed by the Commissioner was mailed to the wrong address, the Commissioner sent a second notice to the correct address of appellant where she had resided since 1980. We cannot say that the chancellor's decision that the second notice satisfied the statutory requirement was clearly erroneous.

Appellant contends that Ark. Code Ann. section 26-37-301 requires a minimum of two certified notices to the owner of the tax-delinquent property. She argues that the second notice, even if it had been received, was not sent two years before the sale date affording her ample opportunity to act. We disagree.

■ Appellant has misconstrued the statute. Arkansas Code Annotated section 26-37-301 only requires one notice after the land is received by the Commissioner. We are concerned, however, that the statute does not provide a required time period for notification prior to the sale date. As the statute reads, the Commissioner is only required to give notice after receiving the land.

This requirement could lead to notification a week before the sale date. Unfortunately, we are unable to require more than the statute provides.

Affirmed.

PITTMAN and STROUD, JJ., agree.