YATES, Presiding Judge.
David Lonnie Sandefer sued Brian D. Judd, alleging negligence and wantonness *165 in causing an automobile accident. Judd made an offer of judgment to Sandefer in the amount of $7,500, pursuant to Rule 68, Ala.. R. Civ. P. Sandefer did not accept the offer. Following a trial, the jury returned a verdict in favor of Judd, and the court entered a judgment on that verdict. Judd then moved for payment of his expenses in defending himself against Sandefer’s claims, based on Rule 68. Following a hearing, the trial court denied the motion. Judd appeals from the denial of the motion.
In Ex parte Waterjet Systems, Inc., 758 So.2d 505, 508-09 (Ala.1999), our supreme court held:
“Rule 68, Ala. R. Civ. P., provides a basis for an award of costs, but only when ‘the judgment finally obtained by the offeree is not more favorable than the offer.’ Thus, the plain language of Rule 68 states that a final judgment in the plaintiff-offeree’s favor for an amount less than the amount of the offer is a prerequisite to the plaintiff-offeree’s liability for costs. Accord Delta Air Lines v. August, 450 U.S. 346, 351, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981)(‘[T]he plain language of [Federal] Rule 68 confines its effect [to the case] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant’s settlement offer.’).
“In the present case, ... the plaintiff-offeree, did not obtain a judgment in its favor. Instead, the jury found for [the defendant], and the trial court entered a judgment in favor of [the defendant]. Thus, Rule 68 does not apply to the present case. See Delta Air Lines, supra. Accordingly, the trial court could not properly have held that Rule 68 provided a basis for an award of costs.... ”
In his brief, Judd invites this court to allow a victorious defendant to recover costs after making an offer of judgment, contending that this will better serve the purpose of Rule 68. He cites decisions from courts in other jurisdictions allowing such recovery in order to encourage settlement and to avoid protracted litigation. See Darragh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc., 294 Ark. 427, 743 S.W.2d 804 (1988); Wright v. Vickaryous, 611 P.2d 20 (Alaska 1980); Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983). However, this court is bound by the decisions of our supreme court. § 12-3-16, Ala.Code 1975; State Farm Mut. Auto. Ins. Co. v. Carlton, [Ms. 2991014, May 11, 2001] - So.2d - (Ala.Civ.App.2001); Martin v. Springdale Stores, Inc., 354 So.2d 1144 (Ala.Civ.App.1978). Waterjet does not permit the recovery of costs by a victorious defendant.
AFFIRMED.
CRAWLEY, J., concurs.
THOMPSON and PITTMAN, JJ., concur specially.