Connie BELL *v.* Robert BERSHEARS

02-702                                          92 S.W.3d 32

Supreme Court of Arkansas
Opinion delivered December 12, 2002

*Gary Eubanks & Associates*, by: *William Gary Holt* and *Robert S. Tschiemer*, for appellant.

*McMillan, Turner, McCorkle & Curry, LLP*, by: *F. Thomas Curry*, for appellee.

Donald L. Corbin, Justice. This case involves a dispute over the award of costs following a judgment entered in favor of Appellant Connie Bell against Appellee Robert Bershears. Following entry of the judgment, both parties filed motions seeking an award of costs. Ultimately, the trial court granted Appellee's motion for costs under Ark. R. Civ. P. 68, but denied

Appellant's motion for costs under Ark. R. Civ. P. 54(d). For reversal, Appellant argues that the trial court's order denying her costs and granting Appellee's costs was in error. As this appeal involves an interpretation of this court's rules, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We affirm the trial court's judgment in part, but we reverse and remand in part.

The record reflects that Appellant filed suit against Appellee, seeking recovery for personal injuries resulting from an automobile collision between the two parties. Prior to trial, Appellee filed an offer of judgment, pursuant to Rule 68, offering to pay Appellant the sum of $13,589.00, together with costs accrued to date. Appellant rejected the offer, and the matter proceeded to trial.

At trial, the jury returned a verdict in favor of Appellant in the amount of $13,200.00. Subsequently, Appellant, as the prevailing party, submitted a motion pursuant to Rule 54(d), seeking an award of costs totaling $1,161.20. This amount represented Appellant's total costs accrued, both before and after the offer of judgment. Appellee, in turn, filed a motion pursuant to Rule 68 for costs of $1,088.05, which were accrued after the date of the offer of judgment. Appellee's basis for seeking costs was that Appellant recovered an amount less than the offer of judgment; thus, Appellant was required to pay those costs that accrued after the offer.

A hearing on the motions was held on March 4, 2002. After considering the arguments of both parties, the trial court entered an order on March 13, and an amended order on March 26, granting Appellee's motion for costs under Rule 68. In a separate order entered on March 26, the trial court denied Appellant's motion for costs under Rule 54(d), "based on the Court's ruling that Rule 68 mandates costs to the Defendant." This appeal followed.

The central issue presented by this appeal is whether an award of costs under Rule 68 precludes the trial court from also awarding costs under Rule 54(d). Resolution of this issue necessa-

rily requires us to interpret both rules of civil procedure. We construe court rules using the same means and canons of construction used to interpret statutes. *National Front Page, LLC v. State*, 350 Ark. 286, 86 S.W.3d 848 (2002); *Moon v. Citty*, 344 Ark. 500, 42 S.W.3d 459 (2001). The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id.* We review issues of statutory construction *de novo*, as it is for this court to determine what a statute or rule means. *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002); *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

Appellant first argues that because she was the prevailing party at trial, she was entitled to an award of costs under Rule 54(d). She argues further that when her total costs are added to the damages awarded by the jury, her judgment exceeds the offer made by Appellee. Thus, she contends that Appellee was not entitled to recover his post-offer costs under Rule 68. Instead, she contends that only she should have been awarded costs, under Rule 54(d).

Appellee agrees that, generally, the prevailing party is entitled to costs under Rule 54(d), but he counters that Rule 68 shifts post-offer costs to the prevailing party where a settlement offer was made and rejected, and the prevailing party received an award that was less than the offer. According to Appellee, under Rule 68 the prevailing party must pay any and all costs incurred after the offer of judgment, not just the costs of the defending party. Appellee contends further that the dictates of Rule 68 are mandatory; thus, a trial judge has no discretion in shifting post-offer costs. Finally, Appellee concedes that the costs incurred by Appellant prior to the offer of settlement are not shifted under

Rule 68, but remain available for Appellant to recoup as the prevailing party under Rule 54(d). We agree with Appellee's interpretation of these rules.

■ Rule 54(d) provides in part: "Costs shall be allowed to the prevailing party if the court so directs, unless a statute or rule makes an award mandatory." In construing this rule, this court has held that it gives the trial judge discretion in awarding authorized costs. *See Zhan v. Sherman*, 323 Ark. 172, 913 S.W.2d 776 (1996); *Darragh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988).

■ No such discretion exists, however, under Rule 68, which requires the trial court to order an offeree to pay costs incurred after an offer of settlement is made. *See Hankins v. Department of Fin. & Admin.*, 330 Ark. 492, 954 S.W.2d 259 (1997); *Darragh*, 294 Ark. 427, 743 S.W.2d 804. Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and judgment shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. *If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree* must *pay the costs incurred after the making of the offer.* [Emphasis added.]

The Reporter's Notes to this rule reflect in part that the purpose behind the rule "is to encourage the early settlement of claims and to protect the party who is willing to settle from the expense and burden of costs which subsequently accrue." (Citation omitted.) This court has also recognized that the purpose of Rule 68 is to provide a means by which a defendant may compel the plaintiff realistically to reassess his claim and thereby, perhaps, persuade the

plaintiff to settle. *See Jones v. Abraham*, 341 Ark.66, 15 S.W.3d 310 (2000); *Darragh*, 294 Ark. 427, 743 S.W.2d 804.

■ The question here is whether an award of post-offer costs to the defendant under Rule 68 necessarily precludes an award of pre-offer costs to the prevailing plaintiff under Rule 54(d). We hold that it does not. There is nothing in the language of Rule 68 that would indicate that its application divests the trial court of its discretion to consider an award of pre-offer costs to the prevailing plaintiff under Rule 54(d). Nor would Rule 68's purposes be defeated by allowing the trial court to consider such an award of pre-offer costs. Under the facts of this case, these two rules may be read harmoniously.

■ Appellee made an offer of judgment to Appellant in an amount of $13,589.00 plus costs accrued by Appellant as of the date of the offer. Appellant rejected that offer, but she ultimately prevailed at trial. However, the jury only awarded her a judgment of $13,200.00. Accordingly, Rule 68's cost-shifting provision was triggered, requiring Appellant to "pay the costs incurred after the making of the offer." We interpret these costs to be all costs incurred after the offer, for both parties. As such, the trial court did not err in awarding Appellee his post-offer costs of $1,088.05, nor did the trial court err in denying Appellant's request for post-offer costs.

However, we must reverse that part of the trial court's order denying Appellant's request for pre-offer costs under Rule 54(d). A review of the order in this case reveals that the trial judge apparently felt constrained to deny any award of costs to Appellant because Rule 68 required him to award post-offer costs to Appellee. The order reflects that "the Motion should be denied based on the Court's ruling that Rule 68 mandates costs to the Defendant." In this respect, we disagree with Appellee that the trial judge denied Appellant's pre-offer costs after exercising his discretion under Rule 54(d).

■ The bottom line is that while the trial judge correctly perceived that Rule 68 required him to award post-offer costs to

Appellee and, simultaneously, to deny post-offer costs to Appellant, he incorrectly concluded that he lacked the discretionary authority to consider Appellant's motion for pre-offer costs under Rule 54(d). Accordingly, we reverse and remand this issue for the trial court to consider an award of pre-offer costs to Appellant under Rule 54(d).

For her second point on appeal, Appellant argues that her costs should be included with the amount of the judgment entered for purposes of determining whether the offer exceeded the judgment. She supports this argument by pointing out that the judgment of $13,200.00, when combined with the $1,161.20 claimed in costs, totals $14,361.20, thereby exceeding the $13,589.00 offer of judgment made by Appellee. While we agree with Appellant's argument to the extent that *pre*-offer costs should be considered in determining whether the judgment exceeds the offer, we disagree that this calculation requires reversal.

This court has never specifically addressed this issue, but in *Marek v. Chesney*, 473 U.S. 1 (1985), the Supreme Court held that post-offer costs serve to offset the expense of continuing the litigation and should not be included in calculating whether the judgment was more favorable than the offer of judgment. The Court agreed, however, that pre-offer costs should be included in the comparison. The Court reasoned that under Fed. R. Civ. P. 68, the drafters intended that "the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.*" *Id.* at 6. Thus, the Court held that regardless of whether the offer specified that it included the plaintiff's costs up to that point, it would be considered to encompass such costs. In interpreting this holding, some circuits have required that pre-offer costs be considered when determining whether the judgment obtained was more favorable than the offer of judgment. *See Tunison v. Continental Airlines Corp., Inc.*, 162 F.3d 1187 (D.C. Cir. 1998); *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993). *See also Grosvenor v. Brienen*, 801 F.2d 944 (1986). We believe that this is a well-reasoned approach.

■ Applying such rationale to the present case, however, does not benefit Appellant. Here, the offer made by Appellee was for $13,589.00, "together with costs accrued to date." Appellant's counsel's affidavit submitted with her motion for costs demonstrates that she incurred pre-offer costs totaling $251.50. Thus, Appellee's settlement offer totaled $13,840.50. On the other hand, combining the $251.50 in pre-offer costs with the actual judgment results in a total judgment of $13,451.50, an amount still less favorable than the offer made by Appellee prior to trial. Accordingly, Appellant's argument on this point fails.

■ Appellant's last two points for reversal, that the costs awarded to Appellee are unreasonable and that Rule 68 is unconstitutional, may be summarily affirmed because Appellant failed to obtain rulings on these issues from the trial court. This court has repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *See, e.g., Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002); *E-Z Cash Advance, Inc. v. Harris*, 347 Ark. 132, 60 S.W.3d 436 (2001); *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000). This is true even of constitutional arguments. *Doe*, 348 Ark. 259, 72 S.W.3d 476. The record in this case reflects that both issues were raised in the motions filed below and were argued orally before the trial court. However, neither the abstract of the hearing nor the judgments reflect any specific rulings on these issues. Accordingly, we are precluded from reviewing them on appeal.

In sum, we affirm that part of the trial court's judgment awarding Appellee his post-offer costs and denying Appellant her post-offer costs under Rule 68. We reverse that part of the judgment denying pre-offer costs to Appellant, as it is not apparent that the trial court exercised its discretion under Rule 54(d). Accordingly, we remand this matter to the trial court to consider whether Appellant, as the prevailing party, may recoup costs that she incurred prior to the offer of settlement. As stated above, this decision rests within the discretion of the trial court.

Affirmed in part; reversed and remanded in part.