Gary Kent JONES and Jean L. Jones  *v.*  Linda K. FLOWERS
and Mark Wilcox, Commissioner

04-449                                                        198 S.W.3d 520

Supreme Court of Arkansas
Opinion delivered November 18, 2004

[Rehearing denied January 6, 2005.]

444

*Paul Johnson*, for appellants.

*Carol L. Lincoln*, for appellee Mark Wilcox.

*Kelly Law Firm, PLC*, by: *A. J. Kelly*, for appellee Linda K. Flowers.

DONALD L. CORBIN, Justice. Appellants Gary Kent Jones and Jean L. Jones appeal the order of the Pulaski County Circuit Court granting summary judgment to Appellees Linda K. Flowers and Mark Wilcox, as Commissioner of State Lands ("Commissioner"). The Joneses raise the following arguments on appeal: (1) the trial court erred in ruling that Ark. Code Ann. § 26-37-202(e) (Repl. 1997) is constitutional; and, (2) the trial court erred in ruling that the State was not required to locate Mr. Jones's correct address. As this case implicates a constitutional challenge to a statute, it was certified to us from the Arkansas Court of Appeals. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We find no error and affirm.

In 1967, Mr. Jones purchased real property located at 717 North Bryan Street in Little Rock, Arkansas. He lived there with his wife until 1993, at which time he moved out of the home and into an apartment. After moving, Mr. Jones failed to notify the tax collector of his new address. Mrs. Jones continued to live in the home after her husband moved out. Mr. Jones failed to pay his real property taxes for the years 1997, 1998, 1999, and 2000. Mr. Jones's real property was subsequently certified to the Commissioner as delinquent on February 24, 2000. The Commissioner then sent notice, via certified mail, to Mr. Jones of the delinquency

and his right to redeem. The notice also stated that the real property would be subject to a public sale on April 17, 2002. This notification was returned to the Commissioner as "unclaimed." On April 1, 2002, a notice of the public sale was published in the Arkansas Democrat Gazette.

No bids were made on the real property at the public sale, but on February 5, 2003, Ms. Flowers submitted an offer to purchase the real property. On February 19, 2003, the State sent, via certified mail, a notice of the proposed tax sale to Mr. Jones at the Bryan Street address. According to the notice, the real property would be sold on March 21, 2003, if the delinquent taxes and penalties were not paid. This notice was also returned to the State as unclaimed. Ms. Flowers subsequently purchased the home through a negotiated sale on May 28, 2003. The purchase price was $21,042.15. On or about July 2, 2003, an unlawful detainer notice was posted on the door of Mr. Jones's property.

Mr. Jones filed a complaint on July 28, 2003, alleging that the sale of his home was invalid because he never received actual notice of the tax sale or of his right to redeem. According to his complaint, the tax sale resulted in an unlawful taking of his property without due process. Ms. Flowers filed a counterclaim for unlawful detainer on August 20, 2003. In his answer to the counterclaim, Mr. Jones admitted that he received actual notice of Ms. Flowers's notice to vacate, posted on the property on July 2. Mr. Jones then filed an amended complaint on September 17, 2003, adding his wife as a plaintiff, as she was the person living in the home at the time of the tax sale. Ms. Flowers filed a motion for summary judgment on October 2, 2003, arguing that the notices sent by the State complied with procedural due process. Thus, according to Ms. Flowers's motion, no fact issues remained to be determined. A similar motion for summary judgment was filed by the Commissioner on November 17, 2003.

On November 24, 2003, the Joneses filed a motion for summary judgment, arguing that the Commissioner admitted that it had no knowledge of their receiving notice of the forfeiture and subsequent sale. According to their motion, the Joneses claimed that there were no issues of fact to be resolved and, thus, summary judgment in their favor was appropriate. Attached to the motions were affidavits by Mr. Jones and Mrs. Jones averring that they never received notice of their right to redeem the property after the tax sale.

On January 14, 2004, the trial court entered an order finding that Ark. Code Ann. § 26-37-301 (Repl. 1997) complied with the constitutional requirements of due process. The trial court then granted Ms. Flowers's and the Commissioner's motions for summary judgment and denied the Joneses' motion. The trial court also granted Ms. Flowers's counterclaim for unlawful detainer and ordered that she was entitled to immediate possession of the real property. This appeal followed.

For their first argument on appeal, the Joneses aver that section 26-37-202(e) is unconstitutional because it does not require notice of the property owner's right to redeem after the tax sale. Thus, according to their argument, the sale of the property is void, and they are now entitled to redeem the property. Ms. Flowers and the Commissioner contend that the Joneses' argument on this point is without merit.

■ We will not address the merits of this argument because the trial court did not rule on the issue of whether section 26-37-202(e) is unconstitutional for failing to include a notice requirement. We have repeatedly stated that a party's failure to obtain a ruling is a procedural bar to consideration of the issue on appeal. *Rigsby v. Rigsby*, 356 Ark. 311, 149 S.W.3d 318 (2004); *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002). Moreover, in *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003), this court held that constitutional arguments must be raised and fully developed in the trial court. It is also well settled that the burden of providing a record sufficient to demonstrate error is upon the appellant. *Id.*

■ The record in the instant case reveals that this issue was raised for the first time in a "Brief In Support of Motion for Summary Judgment" filed by the Joneses on November 24, 2003. In that brief, they argued that Act 626 of 1983 was constitutionally defective because it did not require notification of the "second redemption period." This issue was further raised by the Joneses in "Plaintiffs' Memorandum to Defendants' Response to Motion for Summary Judgment." The trial court's order, however, does not address this issue. Moreover, it would have been inappropriate for the trial court to consider the issue as it was raised only in the Joneses' briefs and not in their motion for summary judgment. This court has held that it would be error for a trial court on motion for summary judgment to consider any issues raised for the first time in a party's briefs or exhibits. *Eldridge v. Board of Correction,*

298 Ark. 467, 768 S.W.2d 534 (1989); *see also City of Barling v. Fort Chaffee Redev. Auth.*, 347 Ark. 105, 60 S.W.3d 443 (2001). Accordingly, the Joneses' argument regarding the constitutionality of section 26-37-202(e) is not preserved for our review.

As their second point on appeal, the Joneses argue that the trial court erred in ruling that the State was not required to locate Mr. Jones's correct address after the tax-sale notices were returned to the State unclaimed. In other words, they argue that the trial court erred in ruling that the State's sale of his property was constitutional under section 26-37-301. They further argue that due process required the State to conduct a reasonable search of public records in an attempt to ascertain Mr. Jones's correct address before selling his property. Ms. Flowers and the Commissioner counter that an attempt to provide actual notice is all that is required in order to comply with the requirements of due process. We agree.

As a general rule, in reviewing the grant of a motion for summary judgment, this court determines if summary judgment was appropriate based on whether the evidence presented in support of summary judgment leaves a material question of fact unanswered. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000). This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

However, in the instant case, the granting of the motion for summary judgment was based upon the trial court's interpretation of a statutory provision. We review issues of statutory interpretation *de novo*, as it is for this court to decide what a statute means. *Fewell v. Pickens*, 346 Ark. 246, 57 S.W.3d 144 (2001); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001).

We begin our analysis by reviewing the language of section 26-37-301, which provides in relevant part:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last

known address, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties known to the Commissioner of State Lands shall receive notice of the sale from the Commissioner of State Lands in the same manner.

(b) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale. The notice shall also indicate the sale date, and that date shall be no earlier than two (2) years after the land is certified to the Commissioner of State Lands.

■ This court has repeatedly held that in cases involving redemption of tax-delinquent lands strict compliance with the requirement of notice of the tax sales themselves is required before an owner can be deprived of his or her property. *Tsann Kuen Enters. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003); *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003); *Pyle v. Robertson*, 313 Ark. 692, 858 S.W.2d 662 (1993). Here, the Joneses would have this court read a requirement into section 26-37-301 that is simply not there, namely, that the State must try to locate the correct address of a delinquent taxpayer when a notice is returned unclaimed. The question then becomes whether such action is required in order to comply with the constitutional dictates of due process. We think not.

■ The Fourteenth Amendment of the United States Constitution provides, in part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. 14, § 1. In discussing due process requirements, the United States Supreme Court has stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Our own cases interpreting this well-established rule of law are consistent with this principle.

Most recently in *Tsann*, 355 Ark. 110, 129 S.W.3d 822, this court held that section 26-37-301 satisfies the requirements of due process and provides sufficient notice to nonresident landowners

prior to their property being sold. In that case, Tsann Kuen Enterprises was a nonresident corporation that purchased real property in Bentonville. After the purchase, the company moved its corporate offices and failed to notify the Benton County Tax Collector of its new address. After the company failed to pay its real property taxes for four years, the tax collector certified to the Commissioner that the taxes on the property were delinquent. The Commissioner then sent a notice of delinquent taxes to the company's last known address. The notice was returned marked "unclaimed" and "forwarding order expired." The Commissioner again sent a notice to that same address, via certified mail, stating that unless the taxes were paid, the property would be sold on July 28, 2002. That notice was returned as well, and the Commissioner then published notice in a local newspaper, as well as the statewide newspaper. No taxes were paid and the property was sold. The new owners filed a complaint in unlawful detainer. The company answered and argued, in part, that the notice provision of section 26-37-301 was unconstitutional. The trial court denied the company's request that the statute be found unconstitutional and an appeal to this court followed.

On appeal, this court rejected the company's argument that had the State posted notice on the property or mailed notice to the physical address, the caretaker living there would have notified the company's owner, and he would have paid the taxes. In so doing, this court recognized that while Tsann had an interest in the property sold, the court also had to consider the State's interest and whether additional procedural safeguards would be unduly burdensome to the State. The court then pointed out that pursuant to Ark. Code Ann. § 26-35-705 (Repl. 1997), the taxpayer has the obligation to furnish his or her correct address.

In concluding as it did, the *Tsann* court relied on its previous decision in *Jones*, 352 Ark. 39, 98 S.W.3d 405. *Jones* also involved the sale of real property after the owner failed to pay the real property taxes. After the sale, the property owner brought suit against the Commissioner, arguing that it had failed to comply with the requirements of section 26-37-301. The trial court ruled that the Commissioner complied with the statutory provision. This court likewise held that the Commissioner strictly complied with section 26-37-301 when, prior to the tax sale, it sent notice by certified mail to the last known address of the property owner. *Id.* Moreover, this court in *Jones* held that section 26-37-301 does not require the Commissioner to take every step possible to ensure

that the notice arrives in the property owner's hand. Noting that the notice was returned "unclaimed," the court went on to elaborate that the Commissioner was merely required to notify the owner at the owner's last know address. *Id*.

█ The *Jones* court also pointed out that the facts before it were analogous to the facts presented to the court of appeals in *Wilson v. Daniels*, 64 Ark. App. 181, 980 S.W.2d 274 (1998). In that case, the court of appeals held that the Commissioner complied with the notice requirement when it mailed a second notice to the taxpayer's correct address, despite the fact that the notice was returned unclaimed. *Id*.

█ In their brief to this court, the Joneses argue that our holding in *Tsann*, 355 Ark. 110, 129 S.W.3d 822, does not apply or, alternatively, that it should be overruled as violating federal due process. They make no attempt to distinguish this court's holding in *Jones*, 352 Ark. 39, 98 S.W.3d 405, and we are unpersuaded by either of their arguments regarding *Tsann*. First, the distinction that the property owner in *Tsann* was a nonresident corporation is of no merit. The Joneses argue that the distinction is critical because their situation involves a property owner losing his homestead, while *Tsann* involved a corporation losing a rental property. To support their argument on this point, the Joneses point to the fact that the General Assembly amended section 26-37-301 in 2003, indicating a desire to afford greater protection to an owner of a homestead. A similar argument was raised and rejected by this court in *Tsann*. There, the property owner argued that the General Assembly amended section 26-37-301 by Act 1376 of 2003 in order to remedy the unfairness of the statute.[1]

In rejecting this argument, this court stated:

> The problem with this argument is that Act 1376 of 2003 does not become effective until January 1, 2004. We have stated that a litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant.

---

[1] Act 1376 provides, in part:

> If the Commissioner of State Lands fails to receive proof that the notice sent by certified mail under this section was received by the owner of a homestead ... then the Commissioner of State Lands, or his or her designee, shall provide actual notice to the owner of a homestead ... by personal service of process at least sixty (60) days before the date of sale.

> *Chapman v. Bevilacqua*, 344 Ark. 262, 42 S.W.3d 378 (2001). The general rule is that one must have suffered injury or belong to that class that is prejudiced in order to have standing to challenge the validity of a law. *Id.* Tsann Kuen cannot show that it suffered injury due to the application of the amended version of § 26-37-301 since the amended version does not become effective until January 1, 2004, and was not applied in the present case.

*Id.* at 122, 129 S.W.3d at 829. Likewise, the Joneses cannot demonstrate that they were injured simply because the legislature later amended section 26-37-301. A right to redeem from a tax sale is governed by the statute in force and effect at the time the sale was made. *Hogg v. Nichols*, 134 Ark. 280, 204 S.W. 211 (1918). Accordingly, the Joneses' argument simply does not support the conclusion that the holding in *Tsann* is inapplicable to homestead property owners.

█ Nor do we agree with the Joneses' contention that the extra safeguards sought by the property owner in *Tsann* were more burdensome than those sought here. Here, the Joneses argue that the Commissioner should be required to search the public records or the phone book in order to ascertain the property owner's correct address. Again, this argument ignores the fact that section 26-35-705 requires the property owner to notify the tax collector of his correct address.

The Joneses next contend that if this court construes *Tsann* to be applicable in this case, it should be overruled. In support of this contention, they argue that a majority of courts have held that in order to comply with due process there must be some action taken to locate a property owner's correct address. Ms. Flowers and the Commissioner contend that there is no reason to revisit an issue already decided by this court. We agree.

The very fallacy of the Joneses' argument in this regard is supported by their admission in their brief to this court that due process does not require actual notice before depriving a property owner of his property. Citing to *Dusenbery v. United States*, 534 U.S. 161 (2002), the Joneses argue that while actual notice may not be required, such notice must be reasonably calculated to apprise a party of its rights. According to the Joneses, it is unreasonable for the State not to attempt to locate a property owner's correct address. In fact, in *Dusenbery*, the Court held that a state complied with the requirements of due process when it attempted to provide

actual notice. In that case, officials seized drugs, weapons, and personal property, including cash, after arresting Dusenbery. After his conviction, the FBI sent by certified mail a notice of forfeiture proceedings to the address where he was arrested, as well as to an address in his mother's hometown. Dusenbery challenged the forfeiture, arguing that his due process rights were violated because he did not receive actual notice of the proceeding. To support his contention, Dusenbery relied on a previous Supreme Court decision in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983), and argued that in that case the Court held that actual notice must be given. The Court rejected that argument and stated that there is no requirement that actual notice be given in order to comply with the requirements of due process.

Here, there is no dispute that the State attempted to provide the Joneses with notice, both via certified mail and through publication in the newspaper. Accordingly, we cannot say the trial court erred in concluding that the State complied with the provisions of section 26-37-301 and that the tax sale was valid.

Affirmed.