2009 Ark. App. 356

**Ed Herman MORRIS, Appellant,**

v.

**LANDNPULASKI, LLC and Mark Wilcox, Commissioner of State Lands, Appellees.**

**No. CA 08–1159.**

Court of Appeals of Arkansas.

May 6, 2009.

Stephen E. Whitwell, North Little Rock, for appellant.

Gibson Law Firm, PLLC, by: Jesse J. Gibson, Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Ed Morris appeals the trial court's order dismissing his complaint seeking to set aside the limited warranty deed acquired by separate appellee LandNPulaski, LLC, following the tax sale of his property and quieting title to the subject property in his favor. Morris contends that notice of the tax sale did not

meet strict statutory requirements and did not comport with the Fourteenth Amendment's Due Process Clause. We affirm.

Morris was the record owner of real property located at 2425 Whispering Pines Road in Little Rock, Pulaski County, Arkansas. There was no dispute that, at all times relevant to this cause, 2425 Whispering Pines Road was Morris's correct address and that he actually resided at that address.

Morris failed to pay real-property taxes for the year 2000, and on March 26, 2003, his property was certified to the State of Arkansas in the care of separate appellee Commissioner ₂of State Lands. The Commissioner, on June 5, 2003, sent a notice, via certified mail, to Morris at 2425 Whispering Pines Road advising that taxes on the property were delinquent, he could redeem the property, and the property would be offered for sale on July 7, 2005. The notice was returned to the Commissioner marked, "unclaimed." On February 9, 2005, the Commissioner mailed a second notice to Morris at the same address, via certified mail, containing the same information. This notice was also returned to the Commissioner marked, "unclaimed." In June 2005, the Commissioner published notice of the sale in the Arkansas Democrat–Gazette.

On July 7, 2005, the Commissioner sold Morris's property to LandNPulaski at a public auction. Four days later, on July 11, 2005, the Commissioner mailed a third notice to Morris, via regular mail, notifying him that his property had been sold and advising him how to redeem it. This notice was not returned to the Commissioner. On August 12, 2005, a limited warranty deed was issued, transferring title to 2425 Whispering Pines Road to LandNPulaski.

On October 12, 2005, Morris sued the Commissioner, LandNPulaski, and the Pulaski County Assessor,[1] seeking to set aside the limited warranty deed and to quiet title in his name. He alleged that the Commissioner's notice of the tax sale failed to strictly comply with Arkansas Code Annotated section 26–37–301 (Repl. 1997), and that the notice violated the Due Process Clause of the Fourteenth Amendment.

₃At trial, Morris testified that he did not receive any of the notices sent by the Commissioner. He testified that some time in September 2005, he went to the office of the Pulaski County Assessor to pay his realty taxes. He was sent to the Commissioner's office, where he was informed that his property had been sold to LandNPulaski at a public auction to satisfy delinquent taxes. Morris testified that this was the first notice that he received that his property had been subject to a tax sale. Morris immediately drove to the office of LandNPulaski and met with its associate, John Ryles. Ryles testified that when he met with Morris in September 2005, Morris admitted that he received the Commissioner's July 11, 2005 notice, but he waited too long to file the necessary paperwork to redeem his property.

In its order dismissing Morris's complaint and quieting title in the subject property in LandNPulaski, the trial court stated that it did not believe Morris's testimony that he did not receive the three notices. The trial court did believe the testimony of Ryles who said that Morris admitted receiving the July 11, 2005 notice. The trial court found that the Commissioner's notices were reasonably calculated to apprise Morris of the pendency of the action and afforded him an opportunity to present his objections. The trial court

---

1. The Pulaski County Assessor was later dismissed by order entered November 18, 2005.

also found that because Morris did not have his property declared a homestead pursuant to proper statutory procedure, he was not entitled to personal service of the notice of the pending sale. On appeal, Morris insists that the Commissioner's notice of the tax sale did not meet the strict requirements of Arkansas Code Annotated section 26–37–301 and did not comport with the Fourteenth Amendment's Due Process Clause.[2]

■ We first address whether the Commissioner complied with the notice requirements set forth in Arkansas Code Annotated section 26–37–301. The issue of notice given to the owner of tax-delinquent land is a matter of statutory interpretation. *Mays v. St. Pat Properties, LLC,* 357 Ark. 482, 182 S.W.3d 84 (2004). We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *Id.* In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

In construing a statute, it is the court's duty to construe it just as it reads. *Jones v. Double "D" Properties, Inc.,* 352 Ark. 39, 98 S.W.3d 405 (2003). When we construe a statute, we look first at the plain language of the statute and give the words their plain and ordinary meaning. *Id.* If the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.*

■ In cases involving redemption of tax-delinquent lands, strict compliance with the requirement of notice of the tax sale is required before an owner can be deprived of his or her property. *Citifinancial Mortgage Co., Inc. v. Matthews,* 372 Ark. 167, 271 S.W.3d 501 (2008). The applicable statute, Arkansas Code Annotated section 26–37–301, provided the following regarding notice:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

. . .

(b) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale. The notice shall also indicate the sale date, and that date shall be no earlier than two (2) years after the land is certified to the Commissioner of State Lands.

Ark.Code Ann. § 26–37–301(a)(1) and (b).[3]

The plain language of section 26–37–301 only requires notice to the property owner "by certified mail." Arkansas appellate courts have confirmed this and have further held that the statute does not require actual notice to the property owner. *Double "D" Properties, Inc., supra* (holding that the notice statute only required that the Commissioner notify the property owner at the owner's last known address by certified mail and that the Commissioner complied with this requirement even though notice was returned marked "un-

---

2. Morris does not challenge the trial court's finding that he failed to have his property declared a statutory homestead; therefore, he was not entitled to personal service of the notice. As such, he has abandoned this argument. And we express no opinion on the soundness of this ruling.

3. This statute was amended in 2007 and now requires that the Commissioner take additional steps when providing notice to property owners of their right to redeem tax-delinquent land. *See* Ark.Code Ann. § 26–37–301 (Supp. 2007).

claimed"—"the statute does not require the Land Commissioner to take every step possible to see that the letter arrives in the property owner's hand"); *Tsann Kuen Enter. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003) (holding that the notice statute required that the Commissioner notify the property owner at the owner's last known address by certified mail; the Commissioner complied with this requirement by sending two notices by certified mail, even though the first notice was returned marked "unclaimed" and "forwarding order expired" and the second was marked "forwarding order expired"); *Wilson v. Daniels*, 64 Ark.App. 181, 980 S.W.2d 274 (1998) (holding that the notice statute required that the Commissioner notify the property owner at the owner's last known address by certified mail; Commissioner complied with this requirement even though notice was returned marked "unclaimed or refused"). In this case, there is no dispute that the Commissioner sent two notices to Morris, both by certified mail, to his last known address. As such, we hold that the Commissioner strictly complied with the statute.

We must next determine whether the Commissioner's notice met federal due-process requirements. The Due Process Clause of the United States Constitution, applicable to Arkansas through the Fourteenth Amendment, states: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A fundamental requirement of due process in proceedings where the government seeks to deprive property from its owner is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central*

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "Due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). However, the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice. *Mullane*, 339 U.S. at 315, 70 S.Ct. 652. As such, when mailed notice of a tax sale is returned unclaimed, the Commissioner must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so. *Flowers, supra.*

In the case at bar, when faced with the return of the two pre-sale notices marked, "unclaimed," the Commissioner sold Morris's property. However, after the sale of the property, but before the title of Morris's property was actually transferred to LandNPulaski, the Commissioner sent a third notice to Morris, via regular mail. This third notice, which was not returned to the Commissioner, advised Morris that his property had been sold and that "in order to cancel the sale and retain the ownership of the parcel, all taxes, penalties, interest and fees must be paid in full before 8/6/2005." The notice further provided that:

> If the parcel is not redeemed by the date given, a Limited Warranty Deed will be issued to the purchaser. There is a two-year litigation period following the sale during which time the sale may be contested in court.

This third notice clearly demonstrated that even after the sale, had Morris acted in a timely fashion, he could have taken the necessary steps to redeem his proper-

ty. According to the testimony of Lisa Pelton from the Land Commission, title to the property in question did not transfer to LandNPulaski on the date of the public auction. The transfer of title only occurred after the expiration of the thirty-day redemption period. She also said that Morris had the right to set aside the sale. When specifically asked about whether there was any distinction in a property owner's rights pre-sale and post-sale, Pelton testified: "When you say pre-sale and post-sale, I am really talking about the public auction where nobody's position changes with respect to the property until the remaining redemption period expires." Arkansas law supports Pelton's testimony. *See* Ark.Code Ann. §§ 26–37–202(e) and 203(a) (Repl.1997) (providing that a property owner has thirty days after a tax sale to redeem his property); Ark.Code Ann. § 26–37–203(b)(1) (Repl.1997) (providing that there is a two-year litigation period in which a conveyance of tax-delinquent property may be contested); Ark.Code Ann. § 26–37–204 (Repl.1997) (detailing procedure for setting aside tax-delinquent sales). Because the third notice was sent to Morris during the post-sale redemption period—before there had been a deprivation of his property—the notice was an "additional reasonable step" required under *Flowers*. As such, we hold that the Commissioner's notice comported with federal due-process mandates.

Morris incorrectly asserts that reversal is warranted because the factual scenario in his case is "precisely the factual scenario at issue in *Flowers*." There, the Land Commissioner of the State of Arkansas, pursuant to section 26–37–301, mailed notice, by certified mail, to Jones to advise that he had not paid taxes and that if he did not pay, the property would be sold at a public auction. While Jones was the property owner, he did not live on the property at the time the notice was mailed.

The notice was returned marked, "unclaimed." The Commissioner also published notice of the delinquency and the pending public sale in the newspaper. No bids were submitted at the auction. Thereafter, a private sale was negotiated with Flowers. Before the private sale took place, the Commissioner mailed another notice, via certified mail, to Jones. It too was returned marked, "unclaimed." When Flowers instituted an unlawful-detainer action against Jones, he filed a state-court action, alleging that the Commissioner failed to provide adequate notice of the tax sale and that his due-process rights were violated. The trial court granted summary judgment in favor of Flowers, finding that the Commissioner satisfied the requirements of the applicable statute and that the notice provided met due-process requirements. The Arkansas Supreme Court affirmed the trial court, *Jones v. Flowers*, 359 Ark. 443, 198 S.W.3d 520 (2004), and the Supreme Court of the United States granted certiorari.

The Supreme Court held that when notice of a tax sale, sent certified mail, is returned unclaimed, due process dictates that the Commissioner take additional reasonable steps to attempt to provide notice to the property owner of the action, if it is practicable to do so. *Flowers*, 547 U.S. at 226, 126 S.Ct. 1708. The Court stated that in this circumstance, the Commissioner took no additional reasonable steps to provide notice to Jones; therefore, the notice was insufficient to satisfy due-process requirements. The Court reversed and remanded the case to the Arkansas Supreme Court. *Id.* at 239, 126 S.Ct. 1708.

There are significant factual distinctions between Morris's case and *Flowers*. The Commissioner in *Flowers* did not take any steps to provide notice beyond the two pre-sale certified letters and publication in the local newspaper when he knew that the

certified letters had been returned. As such, Jones did not receive notice of the pendency of the State's action until after the limited warranty deed had been issued to Flowers. To the contrary, the Commissioner in the instant case took the additional step of mailing a third notice to Morris. Morris actually lived on the tax-delinquent property (while Jones did not), and the third notice was not returned to the Commissioner. Importantly, in Morris's case, the trial court expressly found that he received the third notice. As such, unlike Jones, Morris received actual notice of the pendency of the State's action before he was deprived of his property by the issuance of the limited warranty deed to LandNPulaski.

In sum, we hold that the Commissioner strictly complied with the notice requirements set forth in Arkansas Code Annotated section 26–37–301 and that the notice provided by the Commissioner met federal due-process constraints.

Affirmed.

MARSHALL and BAKER, JJ., agree.